**Tom OWENS, Plaintiff,**

**v.**

**The CITY OF DERBY, KANSAS, a municipal corporation, Ward R. Clements, Jr., City Manager, Donald G. Storck, Mayor, J.R. Haga, Chief of Police, Delbert Fowler, Police Lieutenant, and Ron Graham, Police Sargeant, Defendants.**

**Civ.No. 82–1199.**

United States District Court, D. Kansas.

April 23, 1984.

Eric A. Commer, Lyle W. Britt, Law Offices of Lyle W. Britt, Cht., Wichita, Kan., for plaintiff.

Bruce A. Swenson, Ratner, Mattox, Ratner, Barnes & Kinch, Eric E. Davis, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This civil rights complaint is before the court on plaintiff's motion for partial summary judgment, Dk. # 30, filed November 1, 1982, and defendants' motion for summary judgment, Dk. # 44, filed February 8, 1983. Plaintiff alleges he was discharged from his employment as a police officer in violation of 42 U.S.C. § 1983.

Summary judgment is appropriate if the pleadings, depositions and affidavits on file demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Rule 56, Fed.R.Civ.P. The court must view the evidence in the light most favorable to the party opposing the motion. If the motion is made and supported as provided by Rule 56, an adverse party may not rest upon allegations or denials, but must come forward with specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Based upon an extensive summary judgment record, the court finds:

1) Plaintiff did not have a protected property interest in his employment under the Fourteenth Amendment.

2) Plaintiff's discharge did not implicate a protected liberty interest.

3) Plaintiff's discharge did not violate plaintiff's First Amendment rights.

4) The individually named defendants, Ward R. Clements, Jr., Donald. G. Storck and J.R. Haga, acted in good faith in discharging plaintiff.

### BACKGROUND

Plaintiff was employed as a police officer by the City of Derby, Kansas, on October 13, 1981. On his first day of duty plaintiff signed a document entitled "Reserve and New Officer Orientation." The orientation form consisted of a set of regulation governing the conduct of officers. The first provision of the orientation form stated:

> You are hired or appointed to this position with the understanding there will be a one year probationary period. If, in the opinions of your supervisors, and the agreement of the Chief of Police, that you need additional training or there is some doubt as to your capability as a police or reserve officer, you may be terminated at any time within this one year period without cause.

Plaintiff was also provided with the Derby Police Department Manual. The manual generally described terms of employment, duties and disciplinary procedures. The manual also described a one year probationary period for new employees and recited certain infractions for which an officer could be discharged. The manual further stated: "Members may be terminated for *serious violations* of the rules in the department manual and violations of Article II, Section B." (emphasis supplied). Under the terms of the manual, members of the department have the right to appeal disciplinary actions to an appeal board. The orientation form and manual are the official policy of the City of Derby.

The City of Derby has a mayor-council-city manager form of government. By ordinance the city manager is responsible for hiring and discharging all nonappointive employees of the City. The city manager delegated to the chief of police the authority to hire and discharge members of the police department.

Plaintiff was discharged four months after he was employed at the direction of the mayor in consultation with the city manager and chief of police. A letter of termination was prepared by the chief of police and tendered to plaintiff.

> Effective Saturday, February 13, 1982, you are no longer employed by the City of Derby.
>
> This action is taken under the probationary rule that says that we may terminate you within the probationary period without cause.
>
> I hope that you can continue your police career.
>
> If you wish to appeal this action to the police committee, please notify me within three days of receiving this letter.

Plaintiff submitted a letter of appeal pursuant to the police department manual stating in substance that his discharge was politically motivated and was an effort to inhibit him in pursuing a grievance which he had previously filed. Plaintiff requested an appeal of his termination but the request was denied. Additional facts, as necessary, will be stated in the body of this opinion.

## PROPERTY INTEREST

In order to claim entitlement to procedural due process afforded by the Fourteenth Amendment, a public employee must demonstrate a protected "property" interest in his employment. *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). A property interest is more than a unilateral expectation, it must be based upon a legitimate claim of entitlement founded upon state law. *Id.* at 577, 92 S.Ct. at 2709. An employment contract providing for tenure, or an implied contract based on rules or mutually explicit understandings may support a claim of entitlement to a benefit. *Perry v. Sindermann*, 408 U.S. 593, 602, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972).

Under Kansas law, employment is "at-will" unless there is an express, negotiated duration of employment. E.g., *May v. Sante Fe Transportation Co.*, 189 Kan. 419, 370 P.2d 390 (1962). See generally G. Brown & M.K. Webb, Employment at Will: Emerging Protections for the Employee, 22 Washburn L.J. 491 (1983). Under the traditional concept of at-will employment, the employer is vested with the right to discharge an employee at any time and for any reason. *Id.* at 419, 370 P.2d 390.

Plaintiff claims a property interest under state law based upon the written policies of the defendants and based upon assurances which he received from the Chief of Police. The orientation form and policy manual are unilateral statements of the employer and do not give rise to an express or implied contract of employment under Kansas law. *Johnson v. National Beef Packing Co.*, 220 Kan. 52, 54–55, 551 P.2d 779 (1976). Accordingly, plaintiff did not have an expectation of continuing employment based upon the written policies of the City. The Chief of Police was delegated the authority to hire plaintiff, but he was without authority to establish a definite duration of employment in contravention of the official policy of the City. Plaintiff was put on notice by the orientation form that he was subject to discharge without cause for a period of one year. Under these circumstances, the court does not find that plaintiff had an expectation of continuing employment. There has not been a showing of a governmental custom of granting tenure status to officers. The court has not been directed to any ordinance or statute governing tenure of Derby police officers. The court concludes that plaintiff was an at-will employee under state law. As such he did not have a property interest entitling him to a due process hearing.

## LIBERTY INTEREST

The Fourteenth Amendment liberty interest of a public employee is implicated by discharge without an opportunity for a hearing when it is accompanied by conduct which impunes the good name, reputation, honor and integrity of the employee. *Roth*, supra, 408 U.S. at 572–73, 92 S.Ct. at 2706–07. However reputational damage standing alone is insufficient unless the discharge explicitly states the stigmatizing factor or implicitly ratifies some other stigmatizing allegation. *McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir.1981).

Assuming that plaintiff is able to present evidence of private discussions of plaintiff's discharge in a public restaurant, this simply does not constitute publication of stigmatizing factors sufficient to implicate a liberty interest. In addition, a private discussion between Chief Haga and the chief of police of a neighboring community of the circumstances of plaintiff's discharge does not cross the · publication threshold. See *Miller v. City of Mission*, 705 F.2d 368, 373 (10th Cir.1983). The defendants' evidence consisting of the letter of termination reflects defendants' official public position that plaintiff was a probationary officer who was discharged without cause. Plaintiff has not come forward with evidence to rebut that position or to indicate publication of any stigmatizing factors sufficient to raise a jury question. Accordingly, defendants' motion for sum-

mary judgment on this issue will be sustained.

### FIRST AMENDMENT CLAIM

■ A public employee cannot be constitutionally discharged for the lawful exercise of First Amendment rights. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). As a threshold question, the court must determine whether the speech rights involved can be characterized as a matter of public concern. *Connick v. Myers*, 461 U.S. 138, ___, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708, 720 (1983). This inquiry must focus on the content, form and context of the statement for which protection is sought. Id.

■ In support of his First Amendment claim, plaintiff alleges he was discharged for being "overly frank" and "forward," or that he was discharged in retaliation for filing a grievance critical of the mayor and other city officials. As to the first allegation, the court cannot characterize the conduct of plaintiff as falling within First Amendment protection. The fact that plaintiff was perceived by his peers as being overzealous or abrasive relates to a personality conflict that plaintiff was having within the employment context. As to the second allegation, the court has reviewed the grievance letter written by plaintiff and finds that it relates to an on-going dispute between plaintiff and his employer and does not directly relate to a matter of public concern. Speech related primarily to a personal employment dispute is not protected by the First Amendment. *Connick*, 461 U.S. ___, n. 8, 103 S.Ct. 1691, n. 8, 75 L.Ed.2d 721 n. 8; *Schmidt v. Fremont County School District*, 558 F.2d 982, 984 (10th Cir.1977). Viewing the evidence in the light most favorable to plaintiff, he has not shown speech relating to a matter of public concern. Accordingly, defendants' motion as to this issue will be sustained.

### IMMUNITY

■ Individual government officials are shielded from liability for civil damages under section 1983 if their conduct, judged objectively, does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The burden is on defendants to raise and establish entitlement to qualified immunity. *Henriksen v. Bentley*, 644 F.2d 852, 856 (10th Cir.1981).

■ The record demonstrates that the decision to discharge plaintiff without stating a reason and without allowing an appeal was made pursuant to a belief by the mayor that plaintiff was a probationary officer who could be discharged without cause according to the written policy of the city. The reliance by the mayor, city manager and chief of police upon the city policy that a probationary officer can be discharged without cause is not unreasonable. In particular, the wording of the policy that a probationary officer may be discharged "without cause" appears to be based upon a reading of *Gorham v. City of Kansas City*, 225 Kan. 369, 590 P.2d 1051 (1979). Since the court finds that defendants' conduct was objectively reasonable, defendants are immune from personal liability for damages in connection with plaintiff's discharge.

Plaintiff voluntarily dismissed his cause of action pursuant to 42 U.S.C. § 1985 and dismissed his complaint against Wayne Reed, Delbert Fowler and Ron Graham.

IT IS THEREFORE ORDERED that plaintiff's motion for partial summary judgment is overruled. IT IS FURTHER ORDERED that defendants' motion for summary judgment is sustained. The clerk of the court is directed to enter judgment accordingly.