744 F.2d 1418
 Arthur SIPES, Plaintiff-Appellant,
v.
UNITED STATES of America, United States Department of
Defense, Department of Air Force, Oklahoma City
Air Logistics Command, Tinker Air Force
Base, Oklahoma, Defendants-Appellees.
 No. 82-1365.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 27, 1984.
 
 Steven M. Angel, San Antonio, Tex., for plaintiff-appellant.
 William S. Price, U.S. Atty., Oklahoma City, Okl. (Richard W. Freeman, Jr., Asst. U.S. Atty., Oklahoma City, Okl. and Curtis L. Bentz, Office of The Judge Advocate General, Washington, D.C., were also on brief), for defendants-appellees.
 Before HOLLOWAY, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.
 HOLLOWAY, Chief Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff challenges his termination from employment as a preservation packager at Tinker Air Force Base in Oklahoma under the Vietnam Veterans' Readjustment Act of 1974. Plaintiff contends that (1) the discharge implicated protected property and liberty interests and was arbitrary, capricious and an abuse of discretion; and (2) the discharge was in retaliation for the exercise of his First Amendment rights. The magistrate[1] granted defendant's motion for summary judgment and dismissed the action. Plaintiff appeals.
 
 
 3
 * Facts
 
 
 4
 Plaintiff was hired on May 25, 1979, as a preservation packager at Tinker Air Force Base under the Vietnam Era Veterans' Readjustment Act of 1974, Pub.L. No. 93-508, 88 Stat. 1578. A veterans' readjustment appointment is an excepted appointment to a position otherwise in the competitive service. 5 C.F.R. Sec. 307.101(c). Such appointments are for a two year period. Federal Personnel Manual ch. 307, subch. 1-7(a) (July 11, 1979) ("Manual" ). Appointees serve subject to satisfactory performance; an appointee who fails to satisfactorily perform "must be removed from his/her position." Manual ch. 307, subch. 1-7(b). See also 5 C.F.R. Sec. 307.105. An appointee who has completed one year of service only may be discharged pursuant to the procedures outlined in Part 432 of 5 C.F.R. 5 C.F.R. Sec. 307.105; Manual ch. 307, subch. 1-7(c). An appointee who completes two years of satisfactory performance is automatically converted to a career or career-conditional appointment. Manual ch. 307, subch. 1-8.
 
 
 5
 On May 7, 1980, less than one year after he was appointed, plaintiff was notified by letter that his employment would be terminated within fourteen days. This letter informed plaintiff that he "fail[ed] to meet the conditions specified in [the] Veteran's Readjustment Appointment Plan and fail[ed] to qualify during [the] trial period." II R. 13. The letter reported that plaintiff had displayed a "lack of reliance" in reporting late for work or returning late from lunch on six occasions and in failing to schedule leave in advance of nine absences from work.[2] Plaintiff also was advised that he had "engaged in horseplay" on several occasions which could have resulted in injury. The letter concluded that plaintiff had not satisfactorily performed his job and lacked the necessary character traits to work as a preservation packager. Plaintiff was informed that his termination would be effective May 22, 1980, and that he could request a review of his termination. Id. at 13-14.
 
 
 6
 Plaintiff sought administrative review of the termination, alleging, among other things, that he had not engaged in horseplay and that his absences from work were not unscheduled. Id. at 5. The chief of plaintiff's branch conducted the administrative review and informed plaintiff that the termination decision was "not arbitrary, capricious or unreasonable and [was] sustained by the evidence." Id. at 1. Plaintiff was terminated on May 22, 1980, less than one year after he began work.
 
 
 7
 Plaintiff brought the instant suit in the United States District Court for the Western District of Oklahoma. The magistrate granted defendant's motion for summary judgment and dismissed the action in a thorough opinion explaining his reasons for the ruling. We affirm.
 
 II
 Due Process
 
 8
 The Civil Service regulations do not provide for a pretermination hearing for a governmental employee dismissed within one year of his appointment. Career appointees and career-conditional appointees must serve a one year probationary period before the termination procedures outlined in 5 U.S.C. Sec. 4303(b) and Part 432 of 5 C.F.R. apply. 5 U.S.C. Sec. 4303(f). Appointees under the Vietnam Veterans' Readjustment Act of 1974 are entitled to these discharge procedures after satisfactorily performing for one year. 5 C.F.R. Sec. 307.105; Manual ch. 307, subch. 1-7(b), (c), 1-8. Plaintiff, as a Vietnam Veterans' Readjustment Act appointee who served less than one year, received the appropriate procedures before he was discharged. 5 C.F.R. Sec. 315.804. Plaintiff received written notice of the reasons for his discharge and the effective date of the termination. He was given time to respond to the charges and received written notice of the final decision.
 
 
 9
 A public employee facing discharge is entitled to the safeguards of procedural due process only if he can demonstrate that the termination implicates a property or liberty interest protected by the Due Process Clause; if a property or liberty interest is not implicated, "he must settle for whatever procedures are provided by statute or regulation." Developments in the Law-Public Employment, 97 Harv.L.Rev. 1161, 1781 (1984). Plaintiff concedes that his "argument that the removal herein was arbitrary, capricious and an abuse of discretion is only relevant if it is determined that plaintiff enjoys some protected interest." Appellant's Brief 25.[3]
 
 
 10
 For reasons that follow, we conclude that plaintiff's termination did not implicate protected property or liberty interests and therefore plaintiff was only entitled to the removal procedures which the Government followed in this case.A. Property Interest
 
 
 11
 The magistrate held that "as a probationary employee, plaintiff had no constitutionally protected 'property' interest in continued employment." I.R. 138. We agree.
 
 
 12
 The Supreme Court in Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), stated that "[t]o have a property interest in a benefit, a person [must enjoy] ... a legitimate claim of entitlement to it." In Walker v. United States, 744 F.2d 67, 68 (10th Cir.1984), (per curiam), we held that a probationary employee under the Vietnam Veterans' Readjustment Act did not have a " 'legitimate claim of entitlement' sufficient to create a property interest in his continued employment. Thus, he is not entitled to full procedural due process protections on that ground." We therefore must reject plaintiff's argument that the Vietnam Veterans' Readjustment Act "establishes a limited property right in continued employment." Appellant's Brief 11.
 
 
 13
 We find no support in the Sec. 2014 provisions on "career conditional appointments" for the property interest claim. Plaintiff relies on Executive Order 11521, cited in Sec. 2014, which states in part that an appointee under the act serves subject to satisfactory performance and that an appointee who satisfactorily serves two years shall be converted to career or career-conditional employment. See Appellant's Brief 14. Yet Executive Order 11521 also provides that an appointee who fails to satisfactorily perform "shall be removed in accordance with appropriate procedures." See also 5 C.F.R. Sec. 307.105; Manual ch. 307, subch. 1-7(b). These "appropriate procedures" are contained in 5 C.F.R. Sec. 315.804 and were followed in this case.
 
 
 14
 Plaintiff's reliance on the goals behind the Vietnam Veterans' Readjustment Act, see Appellant's Brief 13-16 (citing 38 U.S.C. Sec. 2014, Executive Order 11521, and Manual ch. 307, subch. 1-5(b), (c)), cannot give rise to a property interest where the applicable statute, regulations and personnel manual all provide that an appointee under the Vietnam Veterans' Readjustment Act who serves less than one year is a probationary employee and does not have a right to continued employment and may be discharged without a pretermination hearing.
 
 
 15
 We conclude that the Act and other matters relied on do not create a "property interest" triggering the due process protections asserted by plaintiff.
 
 B. Liberty Interest
 
 16
 Although we conclude that a property right does not exist, plaintiff also argues that the discharge may have implicated a liberty interest so that procedural due process would require a hearing. He contends that he suffered a deprivation of liberty because he is foreclosed from participating in the Vietnam Veterans' Readjustment Act. We must disagree that this is sufficient to constitute a deprivation of liberty in these circumstances.
 
 
 17
 "[F]or an employee to make a successful liberty deprivation claim she must show that her dismissal resulted in the publication of information which was false and stigmatizing." Asbill v. Housing Authority of the Choctaw Nation of Oklahoma, 726 F.2d 1499, 1503 (10th Cir.1984) (emphasis in original) (footnotes omitted); see also Rich v. Secretary of the Army, 735 F.2d 1220, 1227 (10th Cir.1984); Developments in the Law, supra, 97 Harv.L.Rev. at 1789 (emphasis added) (To establish a liberty interest, "a public employee must now (1) show that he was stigmatized in connection with an alteration of her legal status as an employee, (2) allege that the stigma arose from substantially false characterizations of the employee or her conduct, and (3) demonstrate that the damaging characterizations were made public through channels other than the litigation initiated by the employee.")
 
 
 18
 We conclude that plaintiff's termination did not implicate a liberty interest for two reasons. First, there is no evidence that the allegedly stigmatizing evidence was made public by the Government. See Bishop v. Wood, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); Lentsch v. Marshall, 741 F.2d 301, 304 (10th Cir.1984); Rich, 735 F.2d at 1227 ("To impinge on a liberty interest, the stigmatizing information must be made public by the offending governmental entity.").
 
 
 19
 Second, we agree with the magistrate's conclusion that the reasons given for plaintiff's discharge were not sufficiently stigmatizing to implicate a liberty interest. A liberty interest is implicated "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). See also Rich, 735 F.2d at 1226-27; Miller v. City of Mission, 705 F.2d 368, 373 (10th Cir.1983). In Roth, for example, the Court stated that refusing to rehire a public employee on grounds of "dishonesty [ ] or immorality" would implicate a liberty interest because it "might seriously damage his standing and associations in his community." Roth, 408 U.S. at 573, 92 S.Ct. at 2707.
 
 
 20
 Here, plaintiff was discharged for being tardy, failing to schedule leave, (noted as "lack of reliance"), and for engaging in "horseplay." These reasons, even assuming they were made public by the Government, do not call into question plaintiff's good name, reputation, honor and integrity. Compare Walker, 744 F.2d at 69 (discharge of Vietnam Veterans' Readjustment Act appointee for lying on employment form implicates liberty interest), Lentsch, 741 F.2d at 304 (accusation of dishonesty implicates liberty interest), and Vanelli v. Reynolds School District No. 7, 667 F.2d 773, 777-78 (9th Cir.1982) (dismissal of high school teacher on grounds of "immoral conduct and sexual harassment" implicates liberty interest) with Asbill, 726 F.2d at 1503 (discharge of agency employee for disputing authority of new agency director does not implicate liberty interest), and Hadley v. County of Du Page, 715 F.2d 1238, 1248 (7th Cir.1983) (dismissal of county superintendent for mismanagement does not impinge liberty interest), cert. denied, --- U.S. ----, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984).
 
 
 21
 Moreover, a liberty interest may be impinged if the Government "imposed on him a stigma or disability that foreclosed his freedom to take advantage of other employment opportunities." Roth, 408 U.S. at 573, 92 S.Ct. at 2707. See also Rich, 735 F.2d at 1226-27; Miller, 705 F.2d at 373. The Court in Roth, however, cautioned that a liberty interest is not implicated merely because "nonretention in one job, taken alone, might make him somewhat less attractive to some other employers." Roth, 408 U.S. at 574 n. 13, 92 S.Ct. at 2707 n. 13. See also Martin v. Unified School District No. 434, Osage County, Kansas, 728 F.2d 453, 455-56 (10th Cir.1984).
 
 
 22
 Plaintiff here does not allege that he has been foreclosed from other employment opportunities. His inability to participate in the Vietnam Veterans' Readjustment Act is insufficient to implicate a liberty interest here where the reasons for his discharge have not been made public by the Government and these reasons do not impinge his good name, reputation, honor and integrity.[4] As the Court explained in Bishop v. Wood, 426 U.S. at 349-50, 96 S.Ct. at 2080:
 
 
 23
 The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error.
 
 III
 First Amendment
 
 24
 Plaintiff contends that he was terminated in retaliation for exercising his First Amendment right of freedom of speech. He argues that his discharge was motivated by a complaint he made to the Inspector General of the Air Force concerning his being cited for infractions while other Vietnam Veterans' Readjustment Act appointees who committed the same infractions were not cited. I R. 54. He says that this issue of motivation for his discharge implicates a factual question, not subject to a summary judgment disposition. Appellant's Brief 22.
 
 
 25
 Although there is some force in plaintiff's argument, we must reject it in light of the Supreme Court's recent decision in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In Connick, the Court held that if the activity engaged in by a public employee "cannot be fairly characterized as constituting speech on matters of public concern, it is unnecessary for us to scrutinize the reasons for her discharge. When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment." 461 U.S. at 146, 103 S.Ct. at 1689-90 (emphasis added) (footnote omitted).[5]
 
 
 26
 Plaintiff's statement to the Inspector General complained about his being cited for infractions while others were not. The communication ventilated plaintiff's personal concerns about these personnel actions affecting only his own employment; it clearly did not touch on matters of "public concern."[6] We therefore must conclude that, as a matter of law, Connick precludes us from examining the reasons for the discharge "in the name of the First Amendment." See also Wilson v. City of Littleton, 732 F.2d 765, 767-69 (10th Cir.1984) (policeman's wearing of black shroud on badge "to express his grief, mourning and sense of loss" at death of fellow officer is not a matter of public concern under Connick ).
 
 IV
 Conclusion
 
 27
 For these reasons we hold that there was no genuine issue of material fact to be tried and that the Government was entitled to summary judgment as a matter of law. Accordingly the summary judgment is
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 The parties consented to proceed before a United States Magistrate pursuant to 28 U.S.C. Sec. 636(c). I R. 10-13. Section 636(c)(3) provides that jurisdiction of an appeal from a magistrate's judgment is in the appropriate United States court of appeals. Id. Sec. 636(c)(3)
 
 
 [2]
 The administrative review of the termination later indicated that plaintiff was absent from duty on eight (not nine) occasions without scheduling leave. II R. 1
 
 
 [3]
 We previously have held that "[i]n order to present a claim of denial of 'substantive' due process by a discharge for arbitrary or capricious reasons, a liberty or property interest must be present to which the protection of due process can attach." Brenna v. Southern Colorado State College, 589 F.2d 475, 476 (10th Cir.1978); see also Brockert v. Skornicka, 711 F.2d 1376, 1382-83 (7th Cir.1983); McGhee v. Draper, 564 F.2d 902, 912-13 (10th Cir.1977); Weathers v. West Yuma County School District R-J-I, 530 F.2d 1335, 1342 (10th Cir.1976) ("In the absence of a property or liberty interest, as defined in Roth, the trial court properly refused to consider the merits of appellant's claim of arbitrary and capricious action by the school board.")
 
 
 [4]
 This case is thus distinguishable from Walker, which plaintiff relied on in his supplemental authority letter of July 27, 1984. In Walker, we held that a discharged appointee under the Vietnam Veterans' Readjustment Act suffered a deprivation of liberty by his inability to participate in the Act in the future, together with other factors. The reasons for the discharge were stigmatizing (they accused the appointee of lying on his employment form) and were made public by the Government, and there was evidence that the discharged employee actually had been foreclosed from future employment opportunities. Here, the reasons for the discharge were not stigmatizing and were not made public by the Government, and there was no showing in the record that plaintiff has been foreclosed from other employment opportunities. In these circumstances, the inability to participate in the Vietnam Veterans' Readjustment Act does not constitute a deprivation of liberty
 
 
 [5]
 The Court also stated that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick, 461 U.S. at 147, 103 S.Ct. at 1690
 
 
 [6]
 "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48, 103 S.Ct. at 1690