611 F.Supp. 230 (1985)
Rodney D. GOMEZ, Plaintiff,
v.
The CITY OF SHERIDAN, COLORADO, By and Through the following Officers: Ann HERRING, Mayor, Ronald Salee, Police Commissioner, James Curnes, as City Manager, Wayne Peck, Theresa Vallejos, John Anderson, Ailene Marble, Carol Jonkoniec, as Councilmembers; J.A. Stephenson, as Chief of Police; and J.A. Stephenson, Individually, Defendants.
Civ. A. No. 83-K-1545.
United States District Court, D. Colorado.
June 19, 1985.
*231 *232 Peter H. Blair, Jr., Stutz, Dyer, Miller & Delap, Denver, Colo., for plaintiff.
Brad W. Breslau, Deisch and Marion, P.C., Denver, Colo., John E. Hayes, McMartin, Burke, Loser & Fitzgerald, Englewood, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
Plaintiff was discharged as an employee of the Sheridan Police Department on July 26, 1983. He instituted this action claiming that the city's actions denied him due process protections insured by the Fourteenth Amendment of the United States Constitution. Plaintiff also asserts a pendant cause of action for defamation. Trial is scheduled July 11, 1985. Before me today is defendants' motion for summary judgment.
Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Rule 56, Fed.R.Civ.P., should be applied with care. Jones v. Nelson, 484 F.2d 1165, 1168 (10th Cir.1973). The burden is on the moving party to show the absence of a genuine issue of material fact. Pleadings and factual issues of material fact must be viewed in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970); Rea v. Wichita Mortgage Corp., 747 F.2d 567, 573 (10th Cir.1984). However, a party opposing summary judgment may not rest on allegations contained in pleadings to rebut the movant's factual proof in support of the motion for summary judgment. The party opposing the motion must respond with specific facts demonstrating genuine issues requiring resolution at trial. Unless the moving party can demonstrate his entitlement beyond a reasonable doubt, summary judgment must be denied. Norton v. Liddel, 620 F.2d 1375, 1381 (10th Cir.1980).
*233 The uncontroverted facts are as follows. On June 21, 1982, the Sheridan City Council approved a recommendation that the probationary period for police employees be extended from the six-month period in effect on that date to a full year. On August 6, 1982, plaintiff was hired by the Sheridan Police Department as a police officer. Plaintiff was advised when he was hired that he would be a probationary employee of the police department for a one-year period. On July 26, 1983, the Chief of Police recommended to the city council that plaintiff be dismissed as a police officer. The city council accepted and approved the recommendation and plaintiff was discharged. Plaintiff was not afforded a hearing regarding his termination.
Defendants' motion for summary judgment argues that: 1) plaintiff had neither a property nor a liberty interest protected by the Fourteenth Amendment which would require a hearing; and 2) the police chief was privileged in publishing the allegedly defamatory comments regarding the reasons for plaintiff's termination to the city council on July 26, 1983. In response, plaintiff contends that: 1) he was a permanent employee at the time he was discharged and, as such, he had a property interest at stake; and 2) the police chief's comments to the city council were made maliciously and, therefore, exceeded the scope of any privilege. Plaintiff does not respond to defendants' motion for summary judgment regarding the asserted liberty interest apparently in the belief that there is a sufficient showing of a property interest and that it was infringed.

I.

Procedural Due Process
"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). When either of these protected interests is implicated, the plaintiff is entitled to a pretermination hearing. Roth, 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, see also Cleveland Bd. of Educ. v. Loudermill, ___ U.S. ___, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1984); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Miller v. City of Mission, Kan., 705 F.2d 368, 369 (10th Cir.1983). However, plaintiff must first establish that there is a protected interest at stake:
A public employee facing discharge is entitled to the safeguards of procedural due process only if he can demonstrate that the termination implicates a property or liberty interest protected by the Due Process Clause; if a property or liberty interest is not implicated, "he must settle for whatever procedures are provided by statute or regulation."
Sipes v. United States, 744 F.2d 1418, 1420 (10th Cir.1984) (citation omitted).

A.

Property Interests
Determination of a plaintiff's property interests is a question of state law. Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). As the United States Supreme Court has stated:
Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state lawrules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548. Ultimately, the question is whether the plaintiff has a "legitimate claim of entitlement" to the benefit alleged to constitute a property interest. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548.
In this case, the issue is whether the plaintiff had a protected property interest in his employment as a police officer. Defendants claim that plaintiff was a probationary employee at the time he was dismissed. *234 In support, defendants point to the city council resolution extending the probationary period from six months to one year which was implemented pursuant to § 2-4 of the Sheridan Municipal Code before the plaintiff was hired. Section 2-4 provides:
Rules, Regulations of Police Department. All officers and members of the police department shall be subject to such rules and regulations as shall be prescribed from time to time by the chief of police and approved by the city council.
In response, plaintiff first asserts that the city council's action, increasing the probationary period for police employees, was an ordinance or was intended to amend § 2-55(e) of the Sheridan Municipal Code. This section provides:
Each employee receiving an appointment or a promotion to a position with the city must serve a probationary period of six (6) months before his/her appointment or promotion shall be considered permanent ... An employee terminated during the probationary period does not have the right of appeal or a hearing ...
Because Sheridan is not a home rule city, it cannot enact ordinances without following the publication requirements specified in Colo.Rev.Stat. §§ 31-16-105, 31-16-106 (1984 Cum.Supp.). Plaintiff asserts that since the publication requirements were not complied with, the city council's action was ineffective in changing the six-month probationary period for police employees. Therefore, plaintiff maintains that his employment was permanent, rather than probationary, at the time he was discharged.
Additionally, plaintiff argues that § 2-36(g) of the Sheridan Municipal Code controls. This section provides that department directors such as the police chief, "[h]ave power, when authorized by the council, to appoint and remove, subject to any personnel system regulations for personnel, all subordinates under him." Plaintiff maintains that "personnel system regulations" refers to those ordinances within Article IV of the Sheridan Municipal Code, and not those prescribed pursuant to § 2-4. Specifically, plaintiff contends that § 2-55(e) is one of the "personnel system regulations" referred to in § 2-36(g) and that the six-month probationary period applied.
These contentions give rise to two issues. First, whether § 2-36(g) applies only to those ordinances within Article IV of the Sheridan Municipal Code. Second, whether the council's extension of the probationary period was made pursuant to § 2-4 or was intended to amend § 2-55(e).
The same rules of construction are used in construing legislative enactments whether they are statutes or ordinances. Martin v. King, 417 F.2d 458, (10th Cir. 1969). It is a basic rule of statutory interpretation or construction that statutes are to be
construed in a manner so as to effectuate the intent of the enacting body, and that in construing a statute the court should first look to the language of the statute itself. If the language is clear and the purpose appears with reasonable certainty, there is no need to resort to other rules of construction to ascertain its meaning. United States v. Ray, 488 F.2d 15 (10th Cir.1973). An unambiguous statute must be given effect according to its plain and obvious meaning. United States v. Western Pacific Railroad Company, 385 F.2d 161 (10th Cir. 1967).
Colorado Public Interest Research Group, Inc. v. Train, 507 F.2d 743 (10th Cir.1974), rev'd on other grounds, 426 U.S. 1, 96 S.Ct. 1938, 48 L.Ed.2d 434 (1976); see also People v. Deadmond, 683 P.2d 763 (Colo. 1984); Engelbrecht v. Hartford Acc. & Indem. Co., 680 P.2d 231 (Colo.1984); Colo. Rev.Stat. § 2-4-101 (1980 Repl.Vol.).
In the present case, § 2-36(g) refers to "any personnel system regulations." Because the word "any" in § 2-36(g) is unambiguous, I find that this section does not refer only to those ordinances within Article IV of the Sheridan Municipal Code. Rather, the plain meaning of § 2-36(g) is to *235 refer to all personnel regulations, including those prescribed pursuant to § 2-4.
Section 2-55(e) is a general provision which applies to all city employees. Section 2-4, on the other hand, is a specific provision which applies only to police employees. The apparent intent of the city council, in enacting § 2-4, was to allow the police chief to subject police employees to separate and distinct rules and regulations. Pursuant to § 2-4, in order to prescribe a different rule or regulation for police employees, the city council need only approve the rule or regulation recommended by the police chief. The city council need not enact a new ordinance or amend an existing one to change a rule regarding police employees.
Plaintiff's contention that the city council's extension of the probationary period was ineffective because it was not published pursuant to state regulations does not take into account the city council's power to change police regulations under § 2-4. It is clearly implied that the city council did not intend to amend § 2-55(e) or to enact a new ordinance in changing the probationary period for police employees. Rather, it intended to act pursuant to § 2-4, prescribing a different rule or regulation for police officers.
The extended probationary period for police officers under § 2-4 thus conflicts with the six month period provided all city employees under § 2-55(e). It is impossible to give effect to both of these regulations. Under Colorado law, where "the conflict between provisions is irreconcilable, the special or local provision prevails as an exception to the general provision...." Colo.Rev.Stat. § 2-4-205 (1980 Repl.Vol.). Since § 2-4 is a specific provision, and § 2-55(e) is a general provision, regulations made pursuant to § 2-4, such as the one year probationary period, prevail as an exception to the general six-month probation rule. Accordingly, plaintiff was still a probationary employee when he was terminated. As such, he had no legitimate entitlement to his employment as a police officer and there was no property interest at stake.[1] Since there was no property interest at stake, the Fourteenth Amendment's protections were not implicated and the plaintiff was not entitled to a prior hearing complying with due process. See Owens v. City of Derby, Kan., 586 F.Supp. 37 (D.Kan.1984).

B.
Defendants claim, in their motion for summary judgment, that plaintiff also does not have a constitutionally protected liberty interest. Plaintiff fails completely to respond to this issue in his brief.[2]
*236 Absent a property interest, a public employee facing discharge is entitled to the safeguards of procedural due process only if he can demonstrate that the termination implicates a liberty interest protected by the Due Process Clause. Sipes, 744 F.2d 1418, 1420 (10th Cir.1984). As the Tenth Circuit has stated,
"The concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor and integrity, and 2) his freedom to take advantage of other employment opportunities." Weathers v. West Yuma County School District R-J-1, 530 F.2d 1335, 1338 (10th Cir.1976) (quoting Lipp v. Board of Education, 470 F.2d 802, 805 (7th Cir.1972)) ... The manner in which a public employee is terminated may deprive him of either or both of these liberty interests.
Miller, 705 F.2d 368, 373.
For a public employee to make a successful liberty deprivation claim under the first type of liberty interest, he must first show that the dismissal resulted in the publication of information which was false and stigmatizing. Sipes, 744 F.2d 1418, 1421; see also Asbill v. Housing Authority for the Choctaw Nation of Oklahoma, 726 F.2d 1499, 1503 (10th Cir.1984). In the present case, the reasons given for plaintiff's dismissal included failure to appear at court and administrative hearings and training sessions which he was required to attend; failure to follow procedures on completing paperwork; and general problems in planning and organization, accepting directives, and quality of work.
Defendants allege that plaintiff cannot show that the reasons given for plaintiff's discharge were sufficiently stigmatizing. In support for this contention, defendants cite a recent Tenth Circuit opinion which draws a distinction between dismissal for misconduct and reasons which "call into question plaintiff's good name, reputation, honor and integrity." Sipes, 744 F.2d 1418, 1422. In Sipes, the plaintiff was "discharged for being tardy, failing to schedule leave (noted as `lack of reliance'), and for engaging in `horseplay'". Sipes, 744 F.2d 1418, 1422. The court found that these reasons were insufficient to implicate a constitutionally protected liberty interest, implying that much more is required such as allegations of dishonesty or immorality. Sipes, 744 F.2d 1418, 1422. Similarly, I find that the reasons given for plaintiff's dismissal were not sufficiently stigmatizing to constitute an infringement of a liberty interest. There is no suggestion that plaintiff's interest in his "good name, reputation, honor, or integrity" is at stake.
A liberty interest may also be impinged if the employer "imposed on him a stigma or disability that foreclosed his freedom to take advantage of other employment opportunities." Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548. The Court in Roth, however, cautioned that a liberty interest is not implicated merely because "nonretention in one job, taken alone, might make him somewhat less attractive to some other employers...." Roth, 408 U.S. 564, 574 n. 13, 92 S.Ct. 2701, 2708 n. 13, 33 L.Ed.2d 548. In the present case, the plaintiff has admitted that he has no knowledge of any facts to support a position that defendants have communicated in any way with a prospective employer or that the decision of any prospective employer not to hire plaintiff was affected by communications by defendants. Plaintiff merely alleges that he has tried to gain further employment as a police officer but has not been successful in doing so. Without evidence that he has been foreclosed from other employment opportunities, beyond the fact that his dismissal might make him less attractive to other employers, a constitutionally protected liberty interest is not implicated.
For these reasons, I find that no protected liberty interest was infringed.

II.

Defamation
Plaintiff's second claim for relief is based on a state claim for defamation. On motion for summary judgment, defendants *237 assert that the police chief's communications to the city council regarding the reasons why plaintiff should be dismissed were privileged because the police chief made them in good faith and was required to obtain the council's approval. Plaintiff, on the other hand, contends that the police chief maliciously misrepresented the reasons for dismissal, thereby exceeding the scope of any qualified privilege. Plaintiff, through his brief and affidavits, clearly has established the existence of a factual determination to be made by the trier of fact as to scope of the privilege. Therefore, summary judgment is inappropriate.

III.

Jurisdiction
Defendants also move for dismissal of the pendant defamation claim for lack of jurisdiction. Since there are no federal questions remaining, I grant the motion for dismissal without prejudice.
The issue whether pendant jurisdiction has been properly assumed is one which remains open throughout the litigation. United Mine Workers of America v. Gibbs, 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). As the United States Supreme Court has stated,
Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
United Mine Workers, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, see also Network Project v. Corporation for Public Broadcasting, 561 F.2d 963 (D.C. Cir.1977).
IT IS, THEREFORE ORDERED:
1. Defendants' motion for summary judgment regarding the issue of a constitutionally protected property interest is granted.
2. Defendants' motion for summary judgment regarding the issue of a constitutionally protected liberty interest is granted.
3. Defendants' motion for summary judgment regarding the state claim of defamation is denied.
4. Plaintiff's pendant state claim for defamation is dismissed without prejudice.
5. The trial date of July 11, 1985 is vacated.
6. Each party shall bear his or its own costs.
NOTES
[1] Plaintiff based his assertion of a property interest solely on his alleged status as a permanent employee. This assertion alone would not be sufficient to overcome the employment-at-will doctrine which also must be considered in determining whether there is a protected property interest. As I have stated before, "[t]he case law in this and other jurisdictions generally provides that where the police officer can be fired without cause on the decision of the city manager alone there is no constitutionally protected property interest." Kuhns v. City of Commerce City, Colorado, No. 84-K-1317, slip op. at (D.Colo. April 22, 1985); see also Owens v. City of Derby, Kan., 586 F.Supp. 37 (D.Kan.1984).
[2] Plaintiff has failed to respond to defendants' motion for summary judgment regarding alleged infringement of a constitutionally protected property interest. Under some circumstances, this might be grounds to grant defendants' motion for summary judgment under Fed.R. Civ.P. 56(e) which provides:

... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
This rule makes clear the substantial risk of an adverse judgment to a nonresponding party. See, e.g., Casper v. Neubert, 489 F.2d 543 (10th Cir.1973). However, it must still be determined whether summary judgment is appropriate. Thus, I am obligated to search the record and determine independently whether a genuine issue of fact exists. See Higgins v. Baker, 309 F.Supp. 635 (S.D.N.Y.1970). Here, I am satisfied that there is no genuine issue of fact regarding the liberty interest issue.