815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane HEINO, Plaintiff-Appellant,
v.
COUNTY OF OAKLAND, Defendant-Appellee.
 No. 86-1420.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1987.
 
 Before MERRITT, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Duane Heino, began his employment with the Oakland County Parks and Recreation Department in January 1976. Beginning in 1980, Heino displayed problems with attendance and punctuality, for which he was counseled repeatedly and received progressive disciplinary actions. Between December 1981 and June 1983, Heino received two written reprimands and two suspensions without pay for absence, tardiness, and failure to report to his supervisor. On August 25, 1983, Heino left work without notifying his supervisor and on August 26, 1983 received a notice of a ten day suspension without pay for that incident. In October 1983 he received another written reprimand for tardiness. Heino was referred to the Employee Assistance Program (EAP) twice to try to resolve the August 26 suspension. In November 1983, the EAP warned Heino that he must improve his attendance and punctuality. In December, the Department allowed Heino to work an adjusted schedule. Heino had repeated problems in December, however, which the Board found to be related to medical treatment. On January 3, 1984, Heino received a notice of dismissal for poor attendance, unapproved absences, and failure to follow proper procedures.
 
 
 2
 Heino appealed the August 26 suspension and January 1984 dismissal to the Personnel Appeal Board. After hearing testimony from Heino and his supervisors, the Board found that the Department had just cause to discipline Heino for absenteeism and tardiness, and the Board upheld the August suspension without pay. Because of mitigating factors, however, the Board modified the dismissal order to a suspension without pay with the following conditions:
 
 
 3
 1. The Appellant, Duane Heino, shall return to work on July 9, 1984.
 
 
 4
 2. He shall receive no back pay or benefits for the period of the suspension, December 23, 1983 to July 8, 1984.
 
 
 5
 3. He shall serve a six month probationary period.
 
 
 6
 4. He shall continue active participation in the Employee Assistance Program and provide the Appeal Board with documentation of his attendance in the program on a monthly basis.
 
 
 7
 (Emphasis added).
 
 
 8
 After July, 1984, Heino was serving a six month probationary period, but his problems continued unabated. In July, Heino's supervisor counseled him twice about improper maintenance and servicing of vehicles and equipment. In August, Heino left a machine out and unattended overnight. His supervisor counseled him in August about his attitude and outburst of bad language. In September and October, Heino was counseled for failure to perform an assignment and failure to perform proper service and maintenance of equipment. In October, Heino was involved in a mowing incident in which a nearby recreational vehicle was damaged by a bolt and rock because the safety shield was not on Heino's mower. On October 10, Heino received notice of the Department's intention to terminate his employment. On October 12, 1984, Heino received a notice of dismissal for careless operation of equipment, neglect of duty, and poor attitude.
 
 
 9
 Heino again appealed his dismissal to the Personnel Appeal Board. After hearing testimony and considering reports on Heino's work record, the Board found that Heino had been careless, breaching safety regulations, that he had "[d]emonstrated a lack of self control in his dealings with other employees which was detrimental to the work and morale of the department," and that he did not make a genuine effort to pursue alcohol abuse counseling as directed. Finally, the Board found that Heino "[d]id not successfully complete the probationary period as directed by the Personnel Appeal Board in its order." For these reasons the Board upheld Heino's dismissal.
 
 
 10
 Heino filed a complaint against the City of Oakland alleging that his discharge without a pretermination hearing deprived him of property without due process, under color of state law, thus violating 42 U.S.C. Sec. 1983. The complaint also alleged that defendant breached the employment contract, thus violating state contract law principles under Toussaint v. Blue Cross & Blue Shield of Michigan, 292 N.W.2d 880 (1980). Defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and/or 56(b), asserting that plaintiff failed to state a claim upon which relief could be granted and that no genuine issue of material fact existed. The district court granted the motion to dismiss, and plaintiff now appeals.
 
 
 11
 Plaintiff's section 1983 claim is based on the assertion that plaintiff had a property interest in continued employment. The United States Supreme Court has ruled that to have a "property interest" in a job or benefit, a person must have more than a desire for it or unilateral expectation of it; rather, he must have a "legitimate claim of entitlement to it." See Board of Regents v. Roth, 408 U.S. 564, 577 (1972). The Court asserted that "property interests ... are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. In Roth the plaintiff's interest in employment was created and defined by the terms of his appointment, which gave plaintiff probationary status for one year with no provision for contract renewal regardless of the presence or absence of cause. Id. at 566 n. 2, 578.
 
 
 12
 In this case, the Merit System Rules defined the terms and conditions of plaintiff's employment after affording him relief from a prior disciplinary action. Under these Rules, a probationary employee did not have regular status and could not appeal a dismissal or other disciplinary action. See Rule 7, Section III. Plaintiff was aware of his probationary status and the conditions of his employment. He cannot claim that while under probation he had an "entitlement" that gave him a constitutionally protected "property interest" in continued employment. Because plaintiff was not entitled to any appeal on dismissal, he cannot claim that being dismissed without a pretermination hearing violated his constitutional rights. See, e.g., Schuster v. Thraen, 532 F.Supp. 673, 676 (D.V.I.1982) ("Since plaintiffs were not entitled to a hearing, their constitutional rights were not violated because they did not get one.").
 
 
 13
 Other courts have ruled that a probationary employee does not have an entitlement or property interest in continued employment. In Gomez v. City of Sheridan, 611 F.Supp. 230 (D.Colo.1985), for example, the ordinance defining probation was precisely like the rule defining probation in this case: "An employee terminated during the probation period does not have the right of appeal or a hearing." Id. at 234. The court ruled that because the plaintiff was still a probationary employee when he was terminated, he had no legitimate entitlement to his employment and no property interest was at stake. Id. at 235. See also Dorr v. Butte County, 795 F.2d 875, 878 (9th Cir.1986); Ratliff v. City of Milwaukee, 795 F.2d 612, 624 (7th Cir.1986); Lovelace v. Southeastern Massachusetts University, 793 F.2d 419, 421 (1st Cir.1986); Tautfest v. City of Lincoln, 742 F.2d 477, 480 (8th Cir.1984); Sherman v. Yakahi, 549 F.2d 1287, 1291 (9th Cir.1977).
 
 
 14
 The Supreme Court also has indicated, at least in dicta, that a probationary employee does not have a property interest in employment. In Codd v. Velger, 429 U.S. 624 (1977), the district court had ruled that the plaintiff had no property interest in employment because he was in a probationary position. Id. at 625. The appellate court did not address the issue, and the plaintiff did not argue it on appeal to the Supreme Court. The Court noted, however, that the district court's opinion on that point "reflects a proper understanding of Roth, supra, and of Perry v. Sindermann, 408 U.S. 593 (1972), and we see no reason to disturb its application of those cases...." Id. at 628 n. 2.
 
 
 15
 Plaintiff argues that the procedure provided on his dismissal indicated that he was being dismissed "for cause" and thus indicated that he was operating under a "for cause" contract and had an entitlement to employment. The Ninth Circuit recently has flatly rejected this very argument. See Dorr v. County of Butte, 795 F.2d 875, 877 (9th Cir.1986). The Dorr court found that the Supreme Court's ruling that " 'property' cannot be defined by the procedures provided for its deprivation," Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985), compels the conclusion that "a substantive property right cannot exist exclusively by virtue of a procedural right." 795 F.2d at 877; see also Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983) (a state may choose to require procedures, but "in making that choice the State does not create an independent substantive right."). Plaintiff cannot "bootstrap" procedural formalities, not required to be provided to a probationary employee, into an entitlement to continued employment.
 
 
 16
 Finally, appellant argues that under Michigan law, according to Toussaint v. Blue Cross & Blue Shield of Michigan, 292 N.W.2d 880 (Mich.1980), the Merit System Rules that provided for dismissal only for "cause" (Rule 8) rendered his employment not terminable at will, but terminable only for "cause," thus creating a property interest in continued employment. The Supreme Court has held that state law creates and defines property interests, Roth, 408 U.S. at 577, and Toussaint did hold that company policies can create contractual rights to dismissal only for cause. See 292 N.W.2d at 892. The Merit System Rules at issue in this case, however, provide that an employee under probation does not have "regular status" under the Rules and has no right to appeal any disciplinary action. See Rule 7, Section III. The Rules thus clearly indicated that the "for cause" Michigan rule did not apply to plaintiff as long as he was on probation. Not having regular status, plaintiff cannot claim that the rules or his employer's policy gave him an entitlement to continued employment.
 
 
 17
 For these reasons, we find that plaintiff had no constitutionally protected property interest in continued employment with Oakland County. Because plaintiff had no property interest protected by the fourteenth amendment, he had no constitutional right to any particular process. Loudermill is therefore inapplicable, and plaintiff was not constitutionally entitled to a pretermination hearing.
 
 
 18
 Whatever the nature of plaintiff's interest in his employment, as one under disciplinary probation, plaintiff received ample notice and process when he was dismissed. He received repeated written and oral reprimands and "counseling" sessions with his supervisor, both prior to his suspension in January of 1984 and again after his return in July 1984. He received notice of the employer's intent to dismiss him two days prior to the notice of dismissal. The Appeal Board also gave plaintiff a full evidentiary hearing after the dismissal, even though under the Rules he was not entitled to appeal any disciplinary action while on probation. Given plaintiff's probationary status, this procedure was more than sufficient to protect plaintiff's interests.
 
 
 19
 After dismissing plaintiff's federal claim, the district court declined to retain jurisdiction over the state law contract claim. This dismissal was within the court's discretion. See United Mine Workers v. Gibbs, 383 U.S. 715, 727 (1966) ("Once it appears that a state claim constitutes the real body of the case, ... the state claim may fairly be dismissed."); J.P. v. DeSanti, 653 F.2d 1080, 1086-87 (6th Cir.1981).
 
 
 20
 For the foregoing reasons, we AFFIRM the district court in all respects.
 
 
 21
 MERRITT, Circuit Judge, concurring.
 
 
 22
 The last two paragraphs of the Court's opinion provide an entirely sufficient and complete rationale for affirming the District Court. I therefore would not rule on the precise nature of the property interest in question here or rule that no process at all is ever required in such cases. It is sufficient here to rule that the repeated notices, second chances and discussions between the employee and the employer were sufficient to meet any procedural due process requirements. I therefore concur in the result reached by the Court and in the reasoning of the last two dispositive paragraphs of the Court's opinion.