**Phyllis GLEASON, Plaintiff,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS Of the COUNTY OF WELD, et al., Defendants.**

**Civ. A. No. 83–K–2438.**

United States District Court, D. Colorado.

Oct. 29, 1985.

Henry C. Frey, Shade, Doyle, Klein, Otis & Frey, Greeley, Colo., for plaintiff.

Thomas O. David, City Atty., Greeley, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff, Phyllis Gleason, was discharged from her position as Director of Nurses on April 1, 1983 by her supervisor, defendant Dr. Ralph Wooley, who is Director of the Weld County Health Department. Pursuant to provisions of the Weld County policy manual, plaintiff requested review of her termination. On May 24, 1983, a hearing was held before the Weld County Personnel Grievance Board. The Grievance Board affirmed Wooley's termination of plaintiff. Plaintiff then appealed to defendant Board of County Commissioners which affirmed the Grievance Board's decision on June 20, 1983.

Although the Board of County Commissioners' ruling was subject to judicial review in the state courts, plaintiff instead brought this lawsuit against defendants. Plaintiff alleges that she had a protected property interest in her continued employment which was violated by her termination. Plaintiff also contends that she was not afforded procedural due process in accordance with the Fourteenth Amendment, giving rise to a cause of action under 42 U.S.C. § 1983.

This matter is now before me on defendants' motion for summary judgment and

plaintiff's cross-motion for summary judgment.

## I.

Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Fed.R.Civ.P. 56 should be applied with care. *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir.1973). The burden is on the moving party to show the absence of a genuine issue of material fact. Unless the moving party can demonstrate his entitlement beyond a reasonable doubt, summary judgment must be denied. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980). Pleadings and factual inferences tending to show issues of material fact must be viewed in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Rea v. Wichita Mortgage Corp.*, 747 F.2d 567, 573 (10th Cir.1984). A party opposing summary judgment may not, however, rest on allegations contained in pleadings to rebut the movant's factual proof in support of the motion for summary judgment. The party opposing the motion must respond with specific facts demonstrating genuine issues requiring resolution at trial. *Adickes*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09; *Rea*, 747 F.2d 567, 573.

With these standards in mind, I now turn to the issues presented by the parties' cross motions for summary judgment.

## II.

The primary issues presented are whether plaintiff was afforded procedural due process and if so, whether it was afforded in a timely fashion. Before I can reach those questions, however, I must first determine whether there is a protected interest at stake because "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); *see also Sipes v. United States*, 744 F.2d 1418, 1420 (10th Cir.1984); *Gomez v. City of Sheridan*, 611 F.Supp. 230 (D.Colo. 1985).

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709. In determining whether a protected property interest exists, resort may be had to state statutes, general common law principles, city ordinances or rules, or any other independent source which secures certain benefits. Ultimately, the question is whether the plaintiff has a "legitimate claim of entitlement" to the benefit alleged to constitute a property interest. *Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709.

In the instant case, plaintiff maintains that certain provisions of the Weld County policy manual create a protected property interest and that she had a legitimate claim of entitlement to continued employment with the Weld County Health Department. Under the provisions of this policy manual, plaintiff was a "permanent" employee since she had been employed by the Health Department for 13 years. As a "permanent" employee, she could only be terminated "for cause." §§ 9.2.2 and 9.4. Further, under §§ 9.6 and 2.9, plaintiff was entitled to, and did, request a hearing by the Grievance Board regarding her termination. These sections also provide for an appeal to the County Board of Commissioners. The decision of the Board of Commissioners is deemed final. § 2.9.8.

These provisions clearly create a "legitimate, objective expectation of continued employment", *Martin v. Unified School Dist. No. 434*, 728 F.2d 453, 455 (10th Cir. 1983), absent cause for discharge. *See Cleveland Board of Education v. Loudermill*, 470 U.S. ——, ——, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494, 501 (1985). Where, as here, an employee can only be dis-

charged for cause and the decision to terminate is reviewable, the employee has a protected property interest in continued employment. *See Poolaw v. City of Anadarko,* 660 F.2d 459, 463 (10th Cir.1981). Thus, plaintiff's motion for summary judgment is granted on this issue. The question now is whether plaintiff was afforded due process in a timely manner.

### III.

Under the Due Process Clause of the Fourteenth Amendment, the right to property cannot be deprived except pursuant to constitutionally adequate procedures. *Loudermill,* —— U.S. ——, ——, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503. An essential principle of due process is that a deprivation of property "be *preceded* by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed.2d 865 (1950) (emphasis added). Clearly, this principle requires "some kind of hearing" before the discharge of an employee, such as plaintiff, who has a constitutionally protected interest in her employment. *See Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971); *Bell v. Burson,* 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971); *Roth,* 408 U.S. 564, 569–70, 92 S.Ct. at 2705; *Perry v. Sindermann,* 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981); *Davis v. Scherer,* 468 U.S. ——, —— n. 10, 104 S.Ct. 3012, 3019 n. 10, 82 L.Ed.2d 139, 148 n. 10 (1984); *Loudermill,* —— U.S. ——, ——, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 504.

In the instant case, plaintiff was not given any meaningful opportunity to respond to the charges against her before being terminated. Only after she was discharged did a hearing take place before the Grievance Board. Thus, this hearing was untimely. *See Kuhns v. Commerce City,* No. 84–K–1317 (D.Colo. April 22, 1985).

Plaintiff also contends that the hearing did not provide the requisite due process.

Specifically, plaintiff argues that the Grievance Board was not an impartial tribunal since one member of the board, Steve Kent, was under the direct supervision of defendant Wooley. Defendants, on the other hand, maintain that plaintiff was fully aware of Kent's employment with the Weld County Health Department and explicitly did not object, at the time of the hearing, to Kent's participation. Therefore, defendants contend that plaintiff waived her objection and should be estopped, as a matter of law, from presently raising this issue of conflict of interest.

In support of their position on this issue, defendants have submitted affidavits of Pasquale Persichino, Personnel Director of Weld County, and Robert Rhinesmith, Weld County Information Services Director. Both persons attest that they were present throughout the grievance hearing in question. Further, they state that at no time during the course of the hearing did plaintiff or her attorney object to the participation of Kent or move for his disqualification. More specifically, Persichino states that

> although the applicable portion of the transcript of proceedings of the Gleason grievance hearing is inaudible, I remember the Plaintiff's attorney, Mr. Henry C. Frey, being asked thereat whether he objected to Board member Steve Kent's participation. Mr. Frey's response was "Not at this time."

Affidavit of Pasquale Persichino at 2, ¶ 10.

It is beyond cavil that "[a] biased official participating in an adjudicatory hearing deprives a litigant of the fair tribunal indispensable to due process." *Leverett v. Town of Limon,* 567 F.Supp. 471, 475 (D.Colo.1983); *see also Roberts v. Morton,* 549 F.2d 158 (10th Cir.1976); *Miller v. City of Mission, Kansas,* 705 F.2d 368 (10th Cir.1983). However, "[a] claim of disqualifying bias or partiality ... must be asserted promptly after knowledge of the alleged disqualification." *Duffield v. Charleston Area Medical Center, Inc.,* 503 F.2d 512, 515 (4th Cir.1974); *see also Satterfield v.*

*Edenton-Chowan Board of Education,* 530 F.2d 567, 574–75 (4th Cir.1975).

In the instant case, plaintiff failed contemporaneously to claim bias or partiality, let alone show how Kent may have been biased beyond his mere employment by the Health Department. When plaintiff and her counsel, with knowledge of the very grounds they now urge as a basis for disqualification, failed to raise that claim for disqualification and even acquiesced in Kent's participation when given the opportunity to object, plaintiff lost any right to press that point later. *See Satterfield,* 530 F.2d 567, 574–75. Since plaintiff waived her objection regarding bias and partiality, defendants' motion for summary judgment is granted on this issue.

### IV.

Finally, plaintiff argues that she was denied due process with respect to her appeal of the Grievance Board's decision. Specifically, plaintiff alleges that due process was denied because the Board of County Commissioners did not review the transcript or tape recordings of the hearing. Plaintiff's argument misconceives, however, the scope of her due process rights. Due process does not require a local governmental agency to establish appellate remedies of byzantine complexity. Due process only requires notice and an opportunity to be heard. *See Mullane,* 339 U.S. 306, 313, 70 S.Ct. 652, 656. The requisites of due process in this case were fully complied with in that plaintiff received a full hearing regarding her termination, although this hearing was not timely. Further, review of decisions is not an essential ingredient of due process. Thus, plaintiff cannot be heard to contest the Board of County Commissioners' actions on due process grounds.

In conclusion, with the exception of plaintiff's claim that her discharge was untimely, she was afforded those rights assured by the Due Process Clause. Because plaintiff's complaint seeks only monetary relief, the sole issue remaining for resolution at trial is the determination of the damages, if any, occasioned by the fact that the hearing was held after, instead of before, her discharge. *See Kuhns,* slip op. at 4.

IT IS THEREFORE ORDERED THAT:

1. The parties' cross-motions for summary judgment are granted in part and denied in part.

2. Trial of this case shall proceed only on the issue of damages incurred, if any, by the untimeliness of the hearing.

3. This matter is referred to Magistrate Schauer for one final settlement conference.