Robert E. DICKEY, Plaintiff–Appellant,

v.

ADAMS COUNTY SCHOOL DISTRICT NO. 50, Ali Joseph and Michael Bassett, Defendants–Appellees.

No. 86CA0672.

Colorado Court of Appeals, Div. III.

Oct. 13, 1988.

Rehearing Denied Feb. 9, 1989.

Certiorari Granted May 15, 1989.

Mark S. Bove, Valerie McNaughton, Denver, for plaintiff-appellant.

Semple and Jackson, Martin Semple, Dwight L. Pringle, Denver, for defendants-appellees.

METZGER, Judge.

Robert Dickey, plaintiff, appeals the judgment dismissing of his complaint for failure to state a claim upon which relief can be granted. We reverse and remand with directions.

Plaintiff was employed by defendant Adams County School District No. 50 (school district) beginning July 25, 1981. His job title was "warehouse foreman" and the position, according to the personnel policy of the school district, was a classified position.

In July 1984, plaintiff received a handbook from the school district with the salutation, "To All Classified Employees." The handbook stated that the school district would discharge a classified employee if the quality of the employee's work were "poor," but only after the school district had attempted to improve the employee's performance by a program of progressive discipline. Further, the handbook stated that the school district could immediately dismiss a classified employee only for enumerated acts of misconduct and for "other just and good causes."

On December 10, 1984, plaintiff was placed on probation following an unfavorable appraisal of his work performance. On January 21, 1985, plaintiff received a memorandum indicating that his work was again satisfactory. Plaintiff then took an authorized medical leave of absence from March 1, 1985, to April 8, 1985. On April 16, 1985, plaintiff received a performance appraisal recommending immediate termination of his employment. On April 23, 1985, plaintiff's employment was terminated, without a hearing, by the school district. Subsequently, after a meeting with the district superintendent, plaintiff was denied reinstatement.

He then brought suit alleging, *inter alia*, breach of contract and deprivation of property without due process of law in violation of 42 U.S.C. § 1983. The trial court dismissed the breach of contract claim, concluding that the school district was not bound by the terms in the employees' handbook it had promulgated. The trial court also dismissed the latter claim, ruling that the dismissal of the breach of contract claim precluded the finding of the property interest necessary to the due process claim.

Plaintiff first contends that the trial court erred in dismissing his breach of contract claim. We agree.

 An employee originally hired under a contract terminable at will may be able to enforce the termination procedures in an employee manual under either contract principles or under a theory of promissory estoppel. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987). Because plaintiff's complaint sufficiently pleads a breach of contract claim, the trial court erred in dismissing this cause of action.

We also agree with plaintiff that the trial court erred in dismissing his claim based upon deprivation of his asserted property interest in continued employment without due process of law.

 The procedural protections of the due process clause may be triggered by an individual's property interest in employment as created, defined, and governed by state law, *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Bailey v. Kirk,* 777 F.2d 567 (10th Cir.1985), or, as in this case, by an implied contract of employment. *See Gleason v. Board of County Commissioners,* 620 F.Supp. 632 (D.Colo. 1985); *Continental Airlines Inc. v. Keenan, supra.* An employee who cannot be suspended except for cause has a property interest in continued employment. *Cleveland Board of Education v. Loudermill, supra; Bailey v. Kirk, supra.* Deprivation of this property interest by a government entity without the procedural due process protections guaranteed by the Fourteenth Amendment gives rise to a cause of action under 42 U.S.C. § 1983. *See Gleason v. Board of County Commissioners, supra.*

 Here, plaintiff's allegations were sufficient to state a cause of action for

deprivation of his alleged property interest in his employment without due process of law. *See Gleason v. Board of County Commissioners, supra; Cleveland Board of Education v. Loudermill, supra; University of Southern Colorado v. State Personnel Board,* 759 P.2d 865 (Colo.App. 1988).

The judgment is reversed and the cause is remanded with directions to reinstate plaintiff's claims for simple breach of contract and deprivation of property interest in employment by denial of due process of law pursuant to 42 U.S.C. § 1983.

KELLY, C.J., and HUME, J., concur.