**J. Craig ELLIS, Plaintiff–Appellant,**

**v.**

**The CITY OF LAKEWOOD, a municipal corporation and Home Rule City; Larry Rice, in his official capacity as City Manager of the City of Lakewood; Donald Rose, Dennis Matesky, H.W. Scatterday, David Larkin, Kathy Stapleton, Carol Bacher, Norma Beard, Thomas D. Leadabrand, Linda Morton, and Richard Myers, in their official capacities as elected City Council Members of the City of Lakewood; Linda Shaw, in her official capacity as Mayor and elected City Council Member; Lynn W. Clannin, in his official capacity as Director of Finance of the City of Lakewood and individually; and Ray Warren, in his official capacity as Director of Employee Relations in the City of Lakewood and individually, Defendants–Appellees.**

No. 88CA0857.

Colorado Court of Appeals,
Div. II.

Sept. 7, 1989.

As Modified on Denial of
Rehearing Nov. 9, 1989.

Certiorari Denied March 19, 1990.

Frank & Finger, P.C., William S. Finger, Evergreen, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, James A. Jablonski, Denver, for defendants-appellees.

Opinion by Judge SMITH.

The plaintiff, J. Craig Ellis, appeals the summary judgment granted in favor of defendants, City of Lakewood, and various officials thereof, on his due process claims for relief under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. § 1983, as well as judgments and rulings related to his contract and implied contract claims, his claim for relief pursuant to C.R.C.P. 106, and his tort claims against the city manager and the mayor. We reverse the summary judgment on the constitutional due process claim and remand with directions.

From October 1979 to March 1985, the plaintiff was employed as Risk Manager for the City of Lakewood. On March 1, 1985, the plaintiff was called into the office of his supervisor and told that he was terminated. He was presented with two memoranda. The first regarded termination and stated that the plaintiff was dismissed for his inability to propose, or to begin, safety and self-insurance programs, his failure to win the confidence and support of his employees, and his inability to conform with city attendance requirements. The second memorandum regarded his resignation. After being presented with the memoranda, the plaintiff was told to take his choice.

The supervisor did not discuss with plaintiff the factual basis for his termination, did not present to plaintiff evidence of his alleged misconduct, and did not solicit from plaintiff his views or positions regarding the termination. At the threat of termination, plaintiff elected to resign.

Over a month later, at plaintiff's repeated request, a hearing to appeal his discharge on March 1 was held before the city manager. Plaintiff's counsel was barred from this proceeding, and plaintiff's supervisor, who had initiated his termination, did not attend. At this hearing the

charges against the plaintiff were repeated to plaintiff, but no evidence was presented nor were any witnesses called by the city. Furthermore, no transcript, tape recording, or file was made regarding the hearing.

In June, plaintiff filed a complaint in the district court asserting a number of claims for relief. Both parties filed motions for summary judgment, and the trial court dismissed on summary judgment the claims for relief at issue here. Upon trial of the remaining claims, a jury returned a general verdict for defendants. The claims tried by the jury are not at issue on this appeal.

## I

Summary judgment is a drastic remedy and is never warranted except on a clear showing that no genuine issue as to any material fact exists. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). When reviewing a summary judgment, the appellate court must determine only "whether a genuine issue exists and whether the law was applied correctly." *Churchey v. Adolph Coors Co., supra* (quoting Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Fact*, 99 F.R.D. 465 (1984)).

### A.

Plaintiff's first contention of error concerns his claim based on deprivation of his alleged property interest in continued employment without due process of law. We agree that summary judgment was improperly granted on this claim.

The Fourteenth Amendment prohibits the State from depriving a person of "property" without due process of law. However, the property interest itself is not created by the constitution but by rules and understandings which stem from independent sources securing certain benefits and which support claims of entitlement to those benefits. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Board of Regents of State College v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, in alleging a deprivation of due process, the plaintiff must first demonstrate the source of the property interest which enables him to assert the constitutional claim. *Montoya v. City of Colorado Springs*, 770 P.2d 1358 (Colo.App.1989).

The plaintiff argues that Lakewood Home Rule Charter § 4.7, adopted in November 1983, directly conferred on him a protected property interest in his continued employment.

That section provides in relevant part: "4.7 *Personnel Merit System.* (a) There is hereby established a personnel merit system for the employment, promotion and evaluation of employees of the City.... The City Council, shall, by ordinance ... adopt provisions consistent with this section.

"(b) The personnel merit system ordinance shall include but not be limited to the following provisions:

. . . .

"(4) Procedures for administrative appeal of any disciplinary action, including discharge taken against any employee of the City, which shall include notice, hearing, and the right to be represented.

. . . .

"(c) Any disciplinary action, including but not limited to suspension or discharge from employment, taken against any employee of the City shall be for cause, except as otherwise provided in this Charter.

"(d) All employees of the City shall be subject to the provisions of the personnel merit system except as follows: the City manager; the City Attorney; the City Clerk; the City Treasurer; the Court Administrator; municipal judges; and such other managerial, executive, and confidential employees of the City as identified in the personnel merit system ordinance, as it may from time to time be amended...."

Under a fair reading of these provisions, no employee of the city, unless otherwise provided by the *Charter*, can be suspended or discharged from employment except

"for cause." Furthermore, consistent with this restriction on termination, the Charter expressly provides that any disciplinary action taken against an employee shall be accompanied by notice, hearing, and the right to be represented.

■ A law creates a property interest in continued employment when it places restrictions on the grounds under which an employee may be discharged. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Moreover, if the nature of the restriction is that suspension or discharge are conditioned on a finding of "for cause," a public employee possesses a property interest in continued employment until there is "cause" to dismiss him. *Ness v. Glasscock*, 781 P.2d 137 (Colo.App.1989); *Dickey v. Adams County School District*, 773 P.2d 585 (Colo.App.1988). *See also Bailey v. Kirk*, 777 F.2d 567 (10th Cir. 1985).

■ Accordingly, we hold that Charter § 4.7 confers on all employees, except those exempted by the Charter or the personnel merit system ordinance order enacted pursuant thereto, a property interest in continued employment.

The trial court found, however, that plaintiff, as Risk Manager of the city, was, pursuant to Lakewood Municipal Code, § 2.27.020 a "managerial employee" of the city, and thus, according to Charter § 4.7(d), he fell outside the scope of the protected interest afforded employees of the personnel merit system. Turning to the Lakewood Municipal Code, the trial court then concluded that § 2.27.020(b) of the code, which provides that management personnel should not be suspended or removed except "for cause" was insufficient, in and of itself, to establish a property interest in continued employment. This conclusion was based upon a competing ordinance, Lakewood Municipal Code § 2.28.425(c), which expressly provided that the "for cause" requirement would not establish any property rights. Each of these municipal code provisions pre-date adoption of the City Charter.

In light of this analysis by the trial court, the issue presented for review is whether Charter § 4.7 or the Lakewood Municipal Code with its limiting language regarding property interest, governs the plaintiff's termination.

■ It is axiomatic that upon adoption, the Charter becomes the organic, controlling law of the city. *Feldman v. Cory*, 115 Colo. 113, 169 P.2d 317 (1946). *See also* Colo. Const. art. XX. Accordingly, any rights or benefits conferred by the Charter cannot be defeated by application of prior ordinances or regulations. Similarly, the Charter provides the basis for the promulgation of subsequent ordinances or regulations which seek to define and interpret rights conferred by the Charter. This principle is expressly codified in Charter § 1.3 which provides in pertinent part:

"All ordinances, resolutions rules and regulations of the City that are in effect upon the effective date of this Charter and that are not in conflict with any provision of this Charter shall continue in full force and effect after the effective date of this Charter until repealed or amended."

It is within this framework that we must analyze the trial court's interpretation of Charter § 4.7(d).

Charter § 4.7(d) expressly provides that only certain specific employees of the city, not including Risk Manager, shall be exempt from the personnel merit system plus "other managerial, executive, and confidential employees of the city *as identified in the personnel merit system ordinance.*" Further, that ordinance is to be adopted prospectively, "within 12 months of the effective date of [the] Charter."

It is undisputed that on February 25, 1985, the City Council enacted its first personnel merit system ordinance which, as permitted by Charter, expressly excluded the position of Risk Manager from the personnel merit system. However, it is also undisputed that by its very terms, such ordinance did not take effect until 30 days after final publication, that being 15 days after plaintiff was terminated.

■ Thus, in finding plaintiff a "managerial employee" and therefore subject to

Charter § 4.7(d), the trial court relied solely on a *pre-charter* personnel ordinance. The defendants argue that this reliance was proper in that the personnel merit system ordinance enacted in February 1985, mirrored, in this respect, the earlier pre-charter ordinance.

Such reliance ignores the express intent of the citizens of the City of Lakewood, articulated in Charter § 4.7(a) through (c), to create a completely new system of employment for the city. Accordingly, since the Charter must govern our interpretation of all ordinances sought to be applied after its adoption, and since we conclude that the prior ordinance relied on by the trial court is in conflict with the Charter, we hold that the trial court erred when it applied § 2.27.020 of the Lakewood Municipal Code in order to exclude plaintiff from the personnel merit system under the provisions of Charter § 4.7(d).

Just as we conclude it was improper for the trial court to rely on the pre-charter ordinance to define plaintiff as a "managerial employee," we also conclude that the trial court improperly applied the limiting language of Lakewood Municipal Code § 2.28.425(c) to determine whether plaintiff possessed a property interest in continued employment.

Section 2.28.425(c) has, in all respects, been superseded by Charter § 4.7, which not only clearly expresses an intent to create a new system of employment for the city, but also provides, as the cornerstone of the new system, the right of all city employees to be continuously employed except on the basis of "for cause" disciplinary action, which action shall be accompanied by procedures which insure an employee notice, hearing, and the right to be represented. Thus, because the provisions of § 2.28.425(c) directly conflict with the rights given employees pursuant to Charter § 4.7(b) and (c), the trial court improperly recognized and relied upon its limitations in determining whether plaintiff possessed a property interest in his employment.

Above we held that the provisions of Charter § 4.7 conferred on city employees a protected property interest in continued employment. Based on the foregoing, we now hold that these provisions of the Charter were applicable to plaintiff at the time of his termination and, thus, conferred upon him a property interest in continued employment.

## B.

■ Once a protected interest is implicated, due process requires that the public employee is entitled to notice of the charges against him and an opportunity to respond prior to termination. *Cleveland Board of Education v. Loudermill, supra.*

Here, it is undisputed that plaintiff was "notified" of the reasons for his termination, was under threat of termination, and was forced to resign, all during the short meeting with his supervisor on March 1, 1985. Furthermore, it appears from plaintiff's affidavit, which defendants have not contested, that the only participation sought from, or permitted by, plaintiff at the March 1 meeting was the solicitation of his signature on either the memorandum of termination or the memorandum of resignation.

■ Under such circumstances, plaintiff was not afforded any notice or opportunity to prepare for, or effectively participate in, the March 1 meeting. Furthermore, during that meeting plaintiff was denied any opportunity to make his case to his supervisor.

■ While it is true that the purpose of a pre-termination hearing is not to resolve the propriety of the discharge, the hearing should at a minimum provide an opportunity for an initial check against an erroneous termination. *Cleveland Board of Education v. Loudermill, supra.* Such opportunity was not provided here inasmuch as plaintiff's supervisor did not seek from plaintiff his perception of, or rebuttal to, such "charges."

Accordingly, we hold that the pre-termination hearing denied him his constitutionally protected property interest in continued employment without due process of law.

II

All other issues raised on appeal proceed from the assumption that the plaintiff's employment was effectively terminated. Because we hold that plaintiff's termination was not effective as a result of his being denied due process, and because we order judgment for the plaintiff on that claim these issues are either premature or moot. For the same reasons, dismissal of the claims against defendants Clannin and Warren are affirmed.

The summary judgment dismissing plaintiff's claim that he was deprived of a property right without due process of law is reversed, and the cause is remanded to the trial court with directions to enter judgment for the plaintiff and against the city on that claim, and to afford such relief as may be appropriate thereunder.

PLANK and HUME, JJ., concur.