FILED
United States Court of Appeals
Tenth Circuit

December 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORMAN W. ROOKER,

     Plaintiff–Appellant,

v.

OURAY COUNTY, a county of the State
of Colorado, acting through THE
BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY
OF OURAY; A.D. YEOWELL, M.D., in
his official and individual capacity;
CONNIE HUNT, in her official capacity;
SHERRY PECK, in her official capacity,

     Defendants–Appellees.

No. 12-1046
(D.C. No. 1:11-CV-01057-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Norman W. Rooker appeals from the district court's order granting Defendants-Appellees' motions to dismiss his wrongful-termination suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Ouray County, Colorado, employed Rooker as an emergency medical technician ("EMT") for Ouray County Emergency Medical Services ("OCEMS"). In April 2010, Rooker initiated a quality audit of medical services that were provided during the transportation of an infant to a hospital. After learning of the audit, Dr. A.D. Yeowell, the medical director for OCEMS and Rooker's supervisor, informed Rooker that he could no longer work under Yeowell's supervision, removed him from the work schedule, and forced him to accelerate his previously scheduled retirement date.

In response, Rooker sued Ouray County ("County"), Yeowell, County Administrator Connie Hunt, and County Human Resources Director Sherry Peck. Relying on the County's personnel manual and the Colorado Board of Medical Examiners' rules, Rooker complained that he was not afforded a hearing and could not be terminated without cause. He advanced a federal due process claim and various state law claims, including breach of contract and breach of the implied covenant of good faith and fair dealing.[1]

---

[1] Rooker also alleged that Yeowell, Hunt, and Peck conspired to violate his due-process rights. He has since abandoned that claim.

The district court dismissed Rooker's complaint, concluding that his due process claim failed because he insufficiently alleged a property or liberty interest in continued employment with the County. With no federal claims remaining, the district court declined to exercise supplemental jurisdiction over the state law claims. Rooker timely appealed.

## II

We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting as true all well-pled factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

To assess whether an individual was denied procedural due process, we "engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Riggins v. Goodman, 572 F.3d 1101, 1108 (10th Cir. 2009) (quotation omitted). Constructive discharge from employment is actionable under a due process theory when "an employee possesses a protectable property or liberty interest in his employment." Hesse v. Town of Jackson, Wyo., 541 F.3d 1240, 1245 (10th Cir. 2008) (quotation omitted).

## A

Rooker first contends that he had a protectable property interest in his employment with OCEMS. In order for a property interest in employment to be

-3-

protectable, there must be "a legitimate expectation in continued employment." Id. (quotation omitted). "For example, an employee may possess a property interest in public employment if she has tenure, a contract for a fixed term, an implied promise of continued employment, or if state law allows dismissal only for cause or its equivalent." Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1251 (10th Cir. 2007). At-will employees lack a property interest in continued employment. Bishop v. Wood, 426 U.S. 341, 345 n.8 (1976).

Rooker argues that he possesses a property interest in his employment by virtue of the County's personnel manual, which he claims constitutes an employment contract.[2] But the manual specifically disclaims that its provisions create any contractual relationship:

> Nothing herein is intended nor shall it be construed or deemed to create any contract between the County and any of its officers or employees, nor is it intended nor shall it be construed to create any property rights in employment or an expectation of continued employment, or in the continuation of any benefits of any County employee or officer.

And the very next section of the manual, entitled "At Will Employment," recites the County's policy "that all employees who are not elected to their office by the voters, nor have a written, individual employment contract with the County are employed at the will of the County for an indefinite period." Id.

---

[2] Although the personnel manual is a document outside the pleadings, the manual may be considered without converting the motions to dismiss into motions for summary judgment given that it is referenced throughout the complaint, it is central to Rooker's due process claim, and there is no dispute as to its authenticity. See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Rooker attempts to avoid at-will status by contending that the manual's provisions regarding disciplinary actions require a finding of cause before terminating an employee. He relies on provisions that permit disciplinary action "on account of misconduct or unsatisfactory performance by the employee," and that mandate "an opportunity to be heard" first before the County Administrator and then before the Board of County Commissioners "[i]n all disciplinary actions involving termination of employment."

Rooker's reliance on these provisions as creating an employment contract is misplaced for two reasons. First, the Supreme Court has held that "'[p]roperty' cannot be defined by the procedures provided for its deprivation." Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). Second, "[t]ermination procedures set forth in an employee manual or handbook do not create an implied contract where a clear disclaimer of any contractual rights appears." Jaynes v. Centura Health Corp, 148 P.3d 241, 248 (Colo. App. 2006). The County's manual clearly disclaims any intent to create a contract of employment with its employees. Although such disclaimers may be ineffective "if the manual contains mandatory termination procedures or requires 'just cause' for termination," Evenson v. Colo. Farm Bur. Mut. Ins. Co., 879 P.2d 402, 409 (Colo. App. 1993) (quotation omitted), the County's manual does not. Specifically, the manual makes disciplinary action discretionary by stating that such action "may be initiated on account of misconduct or unsatisfactory performance." (emphasis added). Further, as Rooker concedes, he "was never

-5-

accused of misconduct or unsatisfactory performance." Thus, the County's discretion to institute disciplinary action followed by mandatory hearings was never triggered.

Rooker also contends that he has a property interest in continued employment by virtue of a Colorado Board of Medical Examiners' rule that requires an emergency services medical director to notify the Colorado Department of Public Health and Environment of "his or her termination of the supervision of a department-certified EMT for reasons that may constitute good cause for disciplinary sanctions pursuant to the State [emergency-medical-service] Rules." 3 Colo. Code Regs. 713-6, Rule 500, § 3.2(g) (2009) (current version at 6 Colo. Code Regs. 1015-3, ch. 2, § 4.2.10 (2012).

"A law creates a property interest in continued employment when it places restrictions on the grounds under which an employee may be discharged." Ellis v. City of Lakewood, 789 P.2d 449, 452 (Colo. App. 1989) (citing Arnett v. Kennedy, 416 U.S. 134 (1974)). However, the regulation cited by Rooker does not restrict the grounds on which he can be discharged; it merely requires notice to the Department of Public Health and Environment if Yeowell stops supervising him under circumstances that might warrant disciplinary action by the Department. Rooker has not alleged any such circumstances.

Finally, Rooker claims that he is a third-party beneficiary of a contract between the County and Yeowell, and he thus had a reasonable expectation of continued certification and supervision by Yeowell. But Rooker does not indicate

how his purported third-party beneficiary status restricts the County's ability to terminate his employment.  And to the extent he equates the loss of Yeowell's supervision to a loss of his EMT certification, he does not explain why he cannot work under the supervision of a different employer.

**B**

Rooker next contends that he had a protectable liberty interest in his employment with OCEMS.  A liberty interest in employment concerns an employee's "good name and reputation as it relate[s] to his employment."  Darr, 495 F.3d at 1255.  Therefore, an actionable claim arises if a government employer publishes false statements that "impugn the employee's good name, reputation, honor, or integrity" either "in the course of terminating the employee" or under circumstances that would "foreclose other employment opportunities."  Id.

Rooker concedes that he has not alleged defamation or stigma.  Nor has he alleged any circumstances that might prevent him from obtaining work as a paramedic through a different employer.  Instead, he seeks to proceed under a theory in which his mere termination constitutes a liberty-interest deprivation.  Such a theory was rejected long ago by the Supreme Court.  See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 573-74 (1972).

**C**

We review for an abuse of discretion the district court's refusal to exercise jurisdiction over Rooker's state law claims.  Nielander v. Bd. of Cnty. Comm'rs,

582 F.3d 1155, 1172 (10th Cir. 2009).  Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  And "[w]hen all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state claims."  Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998).  Rooker concedes that if his federal due process claim is dismissed, then the district court properly exercised its discretion in refusing to exercise supplemental jurisdiction.

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge