A.V. MARTIN, Plaintiff-Appellant,

v.

UNIFIED SCHOOL DISTRICT NO. 434, OSAGE COUNTY, KANSAS, et al., Defendants-Appellees.

No. 82–1868.

United States Court of Appeals, Tenth Circuit.

Feb. 24, 1984.

Wesley A. Weathers of Ralston, Frieden & Weathers, P.A., Topeka, Kan., for plaintiff-appellant.

Fred W. Rausch, Jr., Topeka, Kan., for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this action under 42 U.S.C. § 1983, the appellant-plaintiff claims that the defendant school board, at the time of the nonrenewal of his contract as school principal, failed to grant him a hearing in violation of his Fourteenth Amendment due process rights. The trial court gave summary judgment for the defendants, finding that the plaintiff had no constitutionally protected property interest in the job and that the nonrenewal of his contract did not impair his liberty interest. We affirm.

On April 14, 1980, the board of education of Unified School District No. 434, acting on the recommendation of the school superintendent, voted unanimously not to renew plaintiff's contract. Before then plaintiff, a duly certified school administrator, had served as the principal of the Carbondale Elementary School for eleven consecutive years pursuant to a series of one-year contracts. The board of education refused to provide plaintiff with a written reason or with a hearing on its decision. Later, on June 15, 1980, plaintiff and his attorney met with the superintendent of schools to discuss the reasons.

Plaintiff subsequently filed this § 1983 action alleging that his property and liberty rights were impaired by the defendants without due process. Unified School District No. 434, the superintendent of the

school district, and the individual members of the board of education were named as defendants. The parties stipulated that there were no material issues and submitted the case for determination on the defendants' motion for summary judgment which was granted by the district court.

In 1974 the Kansas legislature passed the Teacher Due Process Act, Kan.Stat.Ann. 72–5436 to –5446 granting teachers tenure and the right to due process before termination. The legislature specifically excluded school principals from coverage under the Act. Plaintiff admits that he had no formal tenure.

■ Plaintiff argues that he had an expectancy of continued employment because of an implied promise that he would not be terminated absent cause and an opportunity to remedy any deficiencies. Although a constitutionally protected property interest can arise through a mutual understanding between the parties, a unilateral expectation is not sufficient. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548; *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570. The sufficiency of such a claim must be determined under state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684.

Plaintiff bases his claim on three Kansas statutes. We have noted that the Kansas Teacher Due Process Act specifically excludes principals. Kan.Stat.Ann. § 72–5436(a). The Kansas Continuing Contract Law provides, § 72–5411, that notice of termination must be served on or before April 15. It is admitted that this was done. The Kansas Evaluation of Certificated Personnel Law, Kan.Stat.Ann. §§ 72–9001 to –9006, provides that after his fourth year of employment, an employee shall be evaluated at least once in every three years, § 72–9003(d). Plaintiff was so evaluated.

The claim of expectancy is based on the fact that he had eleven one-year contracts. He points to nothing which indicates a mutually explicit understanding that would give rise to a protected property interest. His reliance on *Unified School District No. 480 v. Epperson,* an unpublished opinion of the Kansas District Court, No. W–4819, is misplaced. In *Epperson* the school board's policy handbook specifically provided an opportunity for the terminated employee to demand and receive a hearing. The defendant school board had no such policy.

In *Gragg v. Unified School District No. 287,* 6 Kan.App.2d 152, 627 P.2d 335, 339, the court said that a nontenured teacher whose contract was not renewed "may have had expectations, but he had no property right in a renewal; no hearing was required." The court was concerned with a nontenured teacher. We are concerned with a nontenured principal. Plaintiff argues that in a later case, *Kelly v. Kansas City,* 231 Kan. 751, 648 P.2d 225, 233, the Kansas Supreme Court cites *Endicott v. Van Petten,* D.C.Kan., 330 F.Supp. 878, approvingly and hence we can put no reliance on the decision in *Gragg.* *Endicott v. Van Petten* was decided before *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, and must be appraised accordingly. Additionally, *Kelly v. Kansas City* was concerned with tenured teachers. We are concerned with a nontenured principal.

■ The facts of this case do not support plaintiff's claim of a legitimate, objective expectancy of continued employment. He had no constitutionally protected property right entitling him to a hearing before termination.

■ Plaintiff says that the action and statements of the board following his termination impaired his liberty interests. The only specific statement he cites is that of the board president which appeared in the local newspaper that his nonrenewal was based "on occurrences this year and continuance of previous concerns." The liberty interest protected by the Constitution is the individual's good name and his freedom to work. *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707; *Weathers v. West Yuma County School District, R–J–1,* 10 Cir., 530 F.2d 1335, 1338–1339. Proof that his termination has made him less attractive to potential employers is not

enough. A liberty interest is implicated only when his ability to obtain other employment is damaged.

The trial court properly determined that inferences drawn from a dismissal alone are not sufficient to implicate a liberty interest. The statement must be such as to harm the honor and integrity of the person discharged. *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079; *McGhee v. Draper,* 10 Cir., 564 F.2d 902, 912. The single statement cited by plaintiff stigmatized him no more than the dismissal itself. His liberty interests were not impaired.

Affirmed.