**Gail N. SMITLEY, Plainitff,**

**v.**

**CIGNA CORPORATION; Aetna Insurance Company; INA Corporation; Insurance Company of North America; Connecticut General Insurance Corporation; and Connecticut General Corporation, Defendants.**

Civ. A. No. 84–2326.

United States District Court, D.Kansas.

Feb. 27, 1986.

---

James L. Crabtree, Marilyn M. Crabtree, Crabtree, Easterday, Crabtree & Janicke, Overland Park, Kan., for plaintiff.

Jack D. Rowe, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., John L. Vratil, Lathrop, Koontz, Righter, Clagett & Norquist, Overland Park, Kan., Joe P. Martin, Gregory B. Tobin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion to dismiss for lack of subject matter and personal jurisdiction, and for summary judgment. This is an employment discrimination suit in which plaintiff makes claims for violation of the Age Discrimination In Employment Act, 29 U.S.C. § 621 *et seq.*, wrongful discharge, intentional infliction of mental distress and tortious breach of contract.

Plaintiff's complaint states that plaintiff was employed by Aetna Insurance Company from 1961 to 1964 and from 1967 to the time of the events leading up to this action. From 1972 to 1982 plaintiff was administrative manager of the Kansas City Aetna Office. According to plaintiff's complaint, on or about March 31, 1982, defendants Connecticut General Corporation and INA Corporation merged to become defendant CIGNA Corporation. Thereafter, defendant CIGNA Corporation owned and managed defendant Aetna Insurance Company and its employees. As a result of this merger and reorganization, plaintiff's position of administrative manager was eliminated and replaced by the position of field support manager. On August 17, 1982, plaintiff, then 51 years old, interviewed with CIGNA Corporation for that position. Plaintiff was not hired, although she asserts she was a qualified candidate. According to plaintiff, on August 30, 1982, a less qualified 28-year old received the position, and the person who did the hiring informed plaintiff that age had been a factor. Plaintiff was then given a lower-grade position at a lower salary. On February 22, 1983, plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission.

Later in that same year, plaintiff read a memo sent through the open mail to the field support manager that "the company had planned to terminate plaintiff, but had been advised not to do so for legal reasons, and therefore plaintiff will be retained until 'performance deficiencies' were identified." Plaintiff's Complaint, ¶ 24. Plaintiff alleges that knowledge of the memorandum and other intolerable work conditions forced her to resign effective July 20, 1984.

I. *Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.*

In the court's memorandum and order of September 24, 1985, we deferred ruling on defendants' motion to dismiss for lack of subject matter jurisdiction and granted plaintiff leave to amend her complaint to properly plead diversity jurisdiction by pleading the state of incorporation of each defendant. Plaintiff has since amended her complaint to comply with our order. Defendants' motion to dismiss will therefore be denied.

II. *Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.*

In our memorandum and order of September 24, 1985, we also deferred ruling on

defendants' motion to dismiss CIGNA Corporation and Connecticut General Insurance Corporation for lack of personal jurisdiction. Plaintiff has since amended her complaint, deleting Connecticut General Insurance Corporation as a defendant. We therefore need not consider plaintiff's claim against that corporation.

In our memorandum we held that plaintiff had not met her minimal burden of establishing a *prima facie* threshold showing of personal jurisdiction, and ordered plaintiff to submit a supplementary memorandum with evidentiary material in support of jurisdiction. Plaintiff has failed to submit any such material. Defendants, on the other hand, have submitted an affidavit from the Assistant Corporate Secretary of CIGNA Corporation stating that CIGNA Corporation is a holding company that is qualified to do business only in Delaware, Connecticut, New York, Pennsylvania and the District of Columbia. It does not do business in Kansas. We will therefore grant defendants' motion to dismiss CIGNA Corporation from this action.

### III. *Defendants' Motion for Summary Judgment.*

The court may grant summary judgment only when the matters considered by the court disclose that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). The court must look at the record in the light most favorable to the party opposing the motion. *Prochaska v. Marcoux,* 632 F.2d 848, 850 (10th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981). Before summary judgment may be granted, the moving party must establish that it is entitled to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985).

### A. *Constructive Discharge Under the Age Discrimination in Employment Act.*

Defendants seek summary judgment on plaintiff's claim under the Age Discrimination in Employment Act (hereinafter ADEA) that she was constructively discharged. For the following reasons, defendants' motion, with respect to constructive discharge, will be denied.

Constructive discharge occurs "when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no choice but to quit." *Irving v. Dubuque Packing Co.,* 689 F.2d 170, 172 (10th Cir.1982). A finding of constructive discharge must be based upon whether a reasonable person would view the working conditions as intolerable, not upon the subjective view of the employee. *Id.* Furthermore, a finding of constructive discharge requires proof that the employer intended to and deliberately rendered the employee's working conditions intolerable. *Muller v. United States Steel Corp.,* 509 F.2d 923, 929 (10th Cir.), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975).

Defendants contend that summary judgment is appropriate here because none of the working conditions alleged by plaintiff can be viewed by a reasonable person as intolerable. We must disagree. It is generally recognized that it is the jury's function to apply the reasonable person standard to a given fact situation and, thus, summary judgment is usually inappropriate. *See* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2729 at 194 (2d ed. 1983). Looking at the record in the light most favorable to plaintiff, we find several factors that a jury could find would make working conditions intolerable. Plaintiff's letter of resignation alleges that her job as general clerical supervisor was made intolerable due to inadequate staffing, the lack of a job description and evaluation, and the defendants' failure to promote plaintiff or increase her salary for over two years. Furthermore, we find that the memo to plaintiff's supervisor stating that the company had been advised against terminating plaintiff until she showed performance deficiencies, which plaintiff read,

could reasonably place job performance stress on plaintiff.

Defendants also contend that they are entitled to summary judgment because plaintiff has failed to show that the defendants deliberately subjected her to intolerable working conditions. Here again we must disagree. It is well established that questions of intent are best left for consideration by the fact finder after a full trial, and thus, are not properly resolved by summary judgment. *Prochaska v. Marcoux,* 632 F.2d 848, 851 (10th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981); *Buell Cabinet Co., Inc. v. Sudduth,* 608 F.2d 431, 433 (10th Cir.1979). Defendants' motion for summary judgment, with respect to plaintiff's constructive discharge claim under the ADEA, will therefore be denied.

## B. *Wrongful Discharge.*

■ Plaintiff moves for summary judgment on plaintiff's wrongful discharge claim on the ground that Kansas law does not recognize a claim for wrongful discharge under the circumstances of this case. We must agree. In *Tarr v. Riberglass, Inc.,* No. 83–4234 (D.Kan., *unpublished,* Feb. 6, 1984) [Available on WESTLAW, DCTU database], Judge Rogers held that Kansas law does not recognize a claim for wrongful discharge based on age discrimination. Although the court recognized that Kansas has a strong public policy against age discrimination, the court noted that the aggrieved employee retains a remedy under the ADEA. Thus the court refused to carve out an exception to the traditional employee-at-will doctrine for wrongful discharge based on age. In light of the foregoing, defendants' motion for summary judgment, with respect to plaintiff's wrongful discharge claim, will be granted.

## C. *Intentional Infliction of Emotional Distress.*

■ Defendants move for summary judgment on plaintiff's claim of intentional infliction of emotional distress. After reviewing all the evidence, we find that plaintiff has alleged no set of facts which show that the defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond the bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society," *Roberts v. Saylor,* 230 Kan. 289, 293, 637 P.2d 1175, 1180–81 (1981). Nor has plaintiff shown any evidence of severe emotional distress. *See id.* at 291, 637 P.2d at 1179. As Judge Kelly recognized in *Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260, 1261 (D.Kan.1984), only in extreme circumstances does the firing of an employee rise to the level of tortious conduct. Defendants are therefore entitled to summary judgment on plaintiff's claim of intentional infliction of emotional distress.

## D. *Tortious Breach of Contract.*

■ Defendants also move for summary judgment on plaintiff's claim that defendants breached the implied duty and covenant of good faith and fair dealing on the ground that Kansas law does not recognize such a cause of action in an age discrimination context. We must agree. According to *Fletcher v. Wesley Medical Center,* 585 F.Supp. 1260, 1263 (D.Kan.1984), Kansas does not recognize a covenant of good faith implied as a part of every employment contract, such that it would permit employers from discharging their employees based on age. Defendants' motion, with respect to tortious breach of contract, will therefore be granted.

## E. *Employer Status.*

■ In our memorandum and order of September 24, 1985, we noted that defendants' motion to dismiss for lack of personal jurisdiction on grounds that CIGNA Corporation, Connecticut General Corporation and Connecticut General Insurance Corporation were never plaintiff's employers, would be treated as going to the substantive merits of plaintiff's claims and therefore treated as a motion for summary judgment. Plaintiff's complaint has since been

amended to delete Connecticut General Insurance Corporation as a defendant. Further, CIGNA Corporation has been dismissed for lack of personal jurisdiction (see part II, *supra*). We therefore need only consider whether Connecticut General Corporation was plaintiff's employer. We find that material issues of fact remain as to its status, and summary judgment is therefore improper.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is denied with respect to Connecticut General Corporation's employer status; granted with respect to plaintiff's claims of intentional infliction of emotional distress, tortious breach of contract and wrongful discharge; and denied with respect to plaintiff's claim of constructive discharge under the ADEA.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss CIGNA Corporation for lack of personal jurisdiction is granted.