Barbara **PIERCE** and Preston Pierce, Plaintiffs,

v.

Harold **ENGLE, Jr.,** Cleo Luthi, James Robison, Charles Hoggatt, D.W. Cookson, and Lloyd Luthi, Defendants.

Barbara **PIERCE** and Preston Pierce, Plaintiffs,

v.

**UNIFIED SCHOOL DISTRICT** 386, Defendant.

Civ. A. Nos. 87–2526–S, 88–2118–S.

United States District Court, D. Kansas.

Nov. 20, 1989.

---

Michael R. Lawless and Susan Ellmaker, Overland Park, Kan., for plaintiffs.

J. Steven Pigg, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion for summary judgment. In connection with their summary judgment motion, defendants have also moved for leave to file a supplemental memorandum in support, which the court will grant as uncontested. D.Kan. 206(g). In addition, defendants have submitted a motion to supplement their witness and exhibit list and a motion for protective order and to quash a deposition duces tecum.

In this consolidated action, plaintiff Preston Pierce, a former high school principal for Unified School District 386 ("U.S.D. 386") in Madison, Kansas, asserts that he was deprived of property and liberty interests without due process of law in violation of 42 U.S.C. § 1983 because his contract for the position of principal was not renewed when it expired in August 1986 and because of school board actions in connection with his leave of absence in late 1985 and early 1986. Preston Pierce also claims that his contract as principal for grades 7 through 12 was non-renewed because of his status as a recovering alcoholic in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. He further claims that a nonrenewal because of alcoholism constitutes a state

law tort claim for wrongful discharge. Barbara Pierce alleges that the nonrenewal of her contracts to drive a school bus and to provide concessions at school sporting events constitute a deprivation of a property interest without due process in violation of 42 U.S.C. § 1983. Both Pierces are suing the school district and the individual school board members who voted in 1986 not to renew plaintiffs' respective contracts.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

For purposes of the present motion, the material and uncontested facts can be briefly summarized as follows. At the time relevant to this cause of action, Preston Pierce was employed as a principal by U.S.D. 386 pursuant to a written contract running from August 8, 1984 to August 7, 1986. Mr. Pierce assumed that his contract would be extended because it had been extended in previous years, Pierce having served as principal since 1977. On November 5, 1985, Mr. Pierce was told that the school board had authorized him to take a leave of absence, due at least in part to Mr. Pierce's alcohol-related problems. On November 13, 1985, Mr. Pierce was admitted to St. Francis Hospital for an alcohol and drug rehabilitation program. Although Mr. Pierce presented the board with a release from the treatment facility authorizing his return to work on January 6, 1986, the school board decided that Pierce should not resume his duties as principal until January 20, 1986. Preston Pierce was paid through the end of his contract, receiving his last check in September, 1986 with no deduction in pay for the November 13, 1985 through January 20, 1986 leave of absence. After entering treatment, Mr. Pierce did not attempt to hide the fact that he had had problems with alcohol.

On February 27, 1986, the school board adopted a resolution which read as follows:

> Because of adverse economic conditions in Madison, Kansas and in order to save school district funds for programs which the school board feels are necessary, the Board of Education of U.S.D. No. 386, Madison, Kansas, will begin a one-principal system beginning in the 1986–87 school year. The principal for the 1986–87 school year shall be responsible for administering both the elementary school and the high school.

On March 17, 1986, the board passed a resolution of nonrenewal of Preston Pierce's contract "in regard to a previous resolution of a one-principal system in U.S.D. 386 for 1986–87" "since the position has been abolished." Pierce was notified of the board's intent not to renew his contract and requested by a letter dated March 27, 1986, a meeting with the board pursuant to K.S.A. 72–5453. A meeting was held April 2, 1986 at which the president of the board stated that the reason for Pierce's nonrenewal was because of the economic situation in the district and the board again

resolved not to renew Mr. Pierce's contract for the 1986–87 school year. Pierce has a state certification to be a principal only for grades 7 through 12; he was not certified to be a principal for the entire school, grades K through 12, as required by state law. The other principal, who was employed by the board as grade school principal at the time Pierce served as high school principal, was state-certified for all grade levels and was retained by the board for the new one-principal system.

Preston Pierce first accused the board of not renewing his contract because of his status as a recovering alcoholic in an October, 1987 letter from his attorneys; Pierce filed no discrimination charges with state or federal agencies. In deposition, Pierce stated that in addition to his problems with alcohol, other factors may have played a role in the board's decision not to renew his contract, such as board members' general dissatisfaction with his job performance and personal animosity which existed between Pierce and some of the individual board members.

Barbara Pierce, Preston Pierce's wife, was employed as a school bus driver under a written contract which began on August 22, 1985 and ran through the last day of the 1986 school year. The contract was subject to termination by either party on one-month's notice. Barbara Pierce also had a written contract with U.S.D. 386 to provide concessions for certain school sporting events for the 1985–86 school year. Barbara Pierce was advised by a letter dated July 15, 1986 that the board had decided to combine bus routes for the following school year, resulting in a reduction of one bus driver; Mrs. Pierce was further advised that U.S.D. 386 would not offer her a contract to drive a school bus for the 1986–87 school year. Pursuant to a suggestion by the new principal, the concessions were operated by high school students during the 1986–87 school year; consequently, Mrs. Pierce was not offered a contract to sell concessions at school sporting events for that year.

*Plaintiff Preston Pierce's Claim Under the Rehabilitation Act*

■ Defendants move for summary judgment on Preston Pierce's claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794, because by Preston Pierce's own admissions in his deposition, his termination was not "solely by reason of his handicap" and thus no claim is stated under the Act. To state a claim under section 504 of the Rehabilitation Act, a plaintiff must prove (1) that he is a "handicapped person" under the Act; (2) that he is "otherwise qualified" for the position sought; (3) that he is being excluded from the position *solely by reason of his handicap;* and (4) that the position exists as a part of a program or activity receiving federal financial assistance. *Anderson v. Univ. of Wis.,* 665 F.Supp. 1372, 1391 (D.Wis.1987), *aff'd,* 841 F.2d 737 (7th Cir.1988).

■ In this case, Preston Pierce contends that the board voted not to renew him because of his status as a recovering alcoholic and because of a general dissatisfaction with his job performance and that the stated economic reasons were merely pretextual. In considering the elements necessary to state a claim under the Rehabilitation Act in the context of defendants' motion for summary judgment, the court finds that the admissions in Preston Pierce's deposition establish that he does not claim that he was dismissed solely because of his alcoholism, but because of several factors, among them his alcohol-related problems. Thus, even if a factual issue exists regarding the role Mr. Pierce's alcoholism played, if any, in the board's decision not to renew his contract, plaintiff Pierce has failed to create a genuine issue of material fact, i.e., one from which a reasonable jury could find in his favor, regarding whether his status as a recovering alcoholic was the sole reason for the nonrenewal. Thus, the court will grant summary judgment for defendants' with regard to Preston Pierce's claim under the Rehabilitation Act; the court accordingly finds that defendants' arguments with regard to the unavailability of punitive damages under the Act are now moot.

*Plaintiff Preston Pierce's Wrongful Discharge Claim*

█ Defendants also seek summary judgment on Preston Pierce's claim that nonrenewal of his contract based upon his status as a recovering alcoholic constitutes a wrongful discharge as being within a public policy exception to the employment-at-will doctrine. Kansas has traditionally followed the employment-at-will doctrine with very limited exceptions, such as when an employee is fired in retaliation for filing a workers' compensation claim. *See Anco Const. Co. Ltd. v. Freeman,* 236 Kan. 626, 693 P.2d 1183, 1186 (1985) (discussing *Murphy v. City of Topeka,* 6 Kan.App.2d 488, 630 P.2d 186 (1981)); *see also Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 752 P.2d 645, 652 (1988). No Kansas appellate court has recognized a state law tort for wrongful discharge based upon plaintiff's membership in some category protected by state or federal antidiscrimination laws.[1]

Plaintiff Preston Pierce contends that nonrenewal of his employment contract because of his status as a recovering alcoholic contravenes the public policy of Kansas. In support of this argument, plaintiff cites K.S.A. 65–4002 (stating treatment, rather than criminal prosecution, as a goal for dealing with persons with alcohol problems) and K.S.A. 41–1126, 41–2622, and 8–1008 (all relating to community-based treatment programs for persons with alcohol problems). Plaintiff also argues that alcoholism constitutes a "physical handicap" protected from discrimination under the Kansas Act Against Discrimination, K.S.A. 44–1001, et seq.

In considering Preston Pierce's arguments, the court finds that notwithstanding the state's professed treatment goal for persons with alcohol-related problems, plaintiff has not stated a claim for wrongful discharge. As the court discussed above, Kansas recognizes only very limited exceptions to the employment-at-will doctrine. Kansas courts have construed the so-called "public policy exception" to that doctrine narrowly, encompassing only the situation in which an employee is fired in retaliation for filing a workers' compensation claim. To the extent that plaintiff Pierce would have this court rewrite Kansas wrongful discharge law to engraft added protections for persons with alcohol-related problems, the court must decline the invitation to do so in the absence of a more definitive statement from Kansas courts or the Kansas Legislature of a public policy in Kansas to make a wrongful discharge cause of action available in this context.

Further, to the extent that Preston Pierce attempts to use the Kansas Act Against Discrimination as a basis for his claim, the court finds that Pierce's failure to exhaust the administrative procedures available under the Kansas Act bars Pierce from asserting his claim in this lawsuit. *Van Scoyk v. St. Mary's Assumption Parochial School,* 224 Kan. 304, 580 P.2d 1315, 1317 (1978). *See also Stephens v. Unified School Dist.,* 218 Kan. 220, 546 P.2d 197, 203 (1975). Thus, the court will grant defendants' motion for summary judgment with regard to Pierce's wrongful discharge claim. The court also finds that to the extent that Barbara Pierce is claiming that the board's decisions not to renew her bus driving and concessions contracts violates a public policy against discriminating against those associated with persons with alcohol-related problems, this claim is barred by her failure to assert it in the pretrial order, *See Union Pac. R.R. Co. v. Gen. Foods Corp.,* 654 F.Supp. 1074, 1082

---

1. The court notes that among federal district judges in the District of Kansas, Judge Theis has extended the wrongful discharge theory to a claim based upon race discrimination. *See Wynn v. Boeing Military Airplane Co.,* 595 F.Supp. 727 (D.Kan.1984). Judges O'Connor and Rogers have refused to extend the wrongful discharge theory to cases alleging sex and age discrimination respectively. *Polson v. Davis,* 635 F.Supp. 1130, 1150 (D.Kan.1986) (sex discrimination); *Smitley v. CIGNA Corp.,* 640

F.Supp. 397 (D.Kan.1986) (age discrimination); *Tarr v. Riberglass, Inc.,* No. 83–4234, 1984 WL 1481 (D.Kan., *unpublished,* February 6, 1984) (age discrimination). The court finds that the facts of this case do not require it to decide whether a wrongful discharge theory might be extended in contexts other than the present one. No public policy of Kansas of which the court is aware prohibits nonrenewal of employee contracts based upon an employee's alcoholism.

(D.Kan.1987), as well as being barred on the merits by the same substantive deficiencies as her husband's claim, as discussed above.

*Plaintiffs' Claims Under 42 U.S.C. § 1983*

Defendants also move for summary judgment on both plaintiffs' claims under 42 U.S.C. § 1983 that the board's decisions not to renew their respective contracts deprived them of a property or liberty interest without due process of law. The test for determining whether a property interest exists was stated by the United States Supreme Court in *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) as follows:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

Moreover, the sufficiency of a claim of entitlement to an employment position is decided by reference to state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

■ In this case, Mr. Pierce was employed by the school district under a two-year written contract which expired by its own terms in August, 1986. Pursuant to state statute, the school board notified him in March, 1986 of its intent not to renew his contract. The sole basis for Mr. Pierce's argument that he had a property interest in continued employment as a principal with the school district is that he expected that his contract would be renewed because it had been renewed several times in the past. However, the Tenth Circuit Court of Appeals has ruled that previous contract renewals are insufficient to create an "expectancy" in an employment position sufficient to support a claim under 42 U.S.C. § 1983. *Martin v. Unified School Dist. No. 434,* 728 F.2d 453, 455 (1984) (renewal of contract on 11 previous occasions insufficient to create a property interest in an employment position). *See also Bertot v. School Dist. No. 1,* 522 F.2d 1171, 1177 (10th Cir.1975). (holding that evidence to the effect that the school board had never failed to re-hire a teacher in nine years and evidence of statements made that assuming satisfactory performance a teacher certainly would be rehired insufficient to create a jury issue regarding whether a property right to re-employment existed).

■ Plaintiff Preston Pierce also argues that the Kansas Administrators' Act, K.S.A. 72–5451, et seq., creates a property right in continued employment of principals after two years of employment with a school district. In reaching this conclusion, plaintiff relies upon dicta from Judge O'Connor's opinion in *Burk v. Unified School Dist. No. 329,* 646 F.Supp. 1557, 1562 (D.Kan.1986) to the effect that a good cause requirement from the Teachers' Due Process Act, K.S.A. 72–5436, et seq., should be implied in the Administrators' Act. The court finds, however, that because the principal in *Burk* had only been employed for one year rather than the two-year period at which the protections of the Administrators' Act are implicated, and thus, the question of interpretation of the Administrators' Act was not squarely before the court at that time, an independent examination of the Administrators' Act is required in this case.

The Administrators' Act was enacted by the Kansas Legislature in 1981. The Act contains several requirements. First, a board of education is required to give an administrator notice of nonrenewal by April 10 of the year in which his or her contract expires. K.S.A. 72–5452. Further, an administrator may request a "meeting" with the board pursuant to K.S.A. 72–5453 at which the board is to specify the reason or reasons for nonrenewal, the administrator is afforded an opportunity to respond to those reasons, and the board may reconsider its reasons for nonrenewal and make a final decision regarding renewal. K.S.A. 72–5453(b). Neither party shall have a right to have counsel present at the meeting. K.S.A. 72–5453(b).

The minimal procedural requirements set out in the Administrators' Act stand in sharp contrast to the detailed requirements contained in the earlier enacted Teachers'

Due Process Act, K.S.A. 72–5436, et seq. The Teachers' Due Process Act provides for a comprehensive due process hearing procedure for teachers who have been employed for two consecutive years or more, including a notification containing specific reasons for proposed non-renewal, K.S.A. 72–5438, a hearing with counsel present and the right to a fair and impartial decision by a hearing committee based on substantial evidence. K.S.A. 72–5439. The Teachers' Act also provides for an appeal to the district court of the board's decision. K.S.A. 72–5443. The Kansas Supreme Court has thus interpreted these detailed due process requirements of the statute as implying that a teacher could be terminated or nonrenewed only "for good cause shown." *Gillett v. Unified School Dist. 276*, 227 Kan. 71, 605 P.2d 105, 110 (1980).

In light of the differences between the two statutes, and because the court must presume that the Kansas Legislature intended to accord different treatment to teachers and administrators, the court finds that Preston Pierce cannot base his property interest claim upon the Administrators' Act. When it enacted the Administrators' Act in 1981, the Legislature was presumably aware of the Teachers' Due Process Act and the *Gillett* decision. In addition to the clear language of the statute, the legislative history of the Administrators' Act indicates that the Legislature intended to afford less procedural protection to administrators than to teachers, including the fact that all references to a "hearing" in the proposed legislation were changed to "meeting." H.B. 2321, § 3(b) (as amended). *See also* 1981 *Senate and House Journal* 354–55 (March 6, 1981). Moreover, the court finds that affording different levels of due process protection to teachers and to administrators respectively is not unreasonable, given that administrators serve as the policy-making arm of a board of education.

■ The court further finds that since Preston Pierce continued to be paid throughout his leave of absence period from the school district, Mr. Pierce has no § 1983 claim either for the board's action of placing him on leave without a hearing and for its action of refusing to allow him to formally return to work until January 20, 1986. As Judge Rogers discussed the issue in deciding that a teacher's suspension with pay does not implicate a constitutionally protected property interest:

> Plaintiff has no property right to teach *per se*. He has a legitimate claim of entitlement to employment. But his employment has not ceased. He is still being paid. Therefore, no property right has been infringed.

*Long v. Unified School Dist. 273*, No. 86–4067–R (D.Kan., *unpublished*, February 27, 1986) (citing *Taylor v. Nichols*, 409 F.Supp. 927, 935 (D.Kan.1976), *aff'd*, 558 F.2d 561 (10th Cir.1977), and *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Thus, the court finds that Preston Pierce had no property interest in continued employment as a high school principal for U.S.D. 386 and no claim under 42 U.S.C. § 1983 for any due process violation in connection with his leave of absence from the district from approximately November 13, 1985 through January 20, 1986.

■ Similarly, the court finds that Barbara Pierce fails to state a claim under 42 U.S.C. § 1983. The court finds that she did not have a constitutionally protected property interest in either the bus driving or the concessions contract. Both were written contracts which expired by their own terms. In her deposition, Mrs. Pierce admits that there were no oral agreements outside of the written contracts. As stated above, the fact that contracts have been renewed in the past is insufficient to create a property interest in an employment position. *See Martin*, 728 F.2d at 455. Thus, the court finds that defendants should be granted summary judgment on Barbara Pierce's § 1983 claims as well.

■ Preston Pierce also appears to assert that defendants' actions deprived him of his "federally-protected liberty rights in his reputation as a competent school principal." Pretrial Order, at 3, ¶ 4. Although the factual basis for this claim is not entirely clear from the pretrial order, it appears

that Pierce is claiming a right to what has been termed a "name-clearing hearing." When a governmental employer dismisses an individual for publicized reasons which are stigmatizing and foreclose his opportunity to obtain other employment, he has been held to be entitled to notice and a name-clearing hearing. *See Roth*, 408 U.S. at 573, 92 S.Ct. at 2707.

In this case, however, the board's publicly stated reason for not renewing Pierce's contract as principal was economic—i.e., the force reduction from a two-principal school system to one. Thus, the Board's stated reason for nonrenewal was nonstigmatizing. Further, to the extent that Pierce is claiming that the Board stigmatized him because of his problems with alcohol, the court finds that he is not entitled to a name-clearing hearing because not only is there insufficient evidence that the school district publicized information about Pierce's problems, but plaintiffs' themselves put forward the information, e.g., Barbara Pierce even announced it at a school assembly. *Sipes v. United States*, 744 F.2d 1418, 1421 (10th Cir.1984) (holding that the stigmatizing information must be made public by the governmental entity).

Further, in order for a name-clearing hearing to be necessary, the allegedly stigmatizing information must be false, which in this case it was not. *See Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 883–84, 51 L.Ed.2d 92 (1977) (rejecting a police officer's claim for a name-clearing hearing based upon an apparent suicide attempt where there was no assertion that the information about the suicide attempt was in fact false, stating that "if the hearing mandated by the Due Process Clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the employee's reputation"). Lastly, the court finds that since Pierce admits that he was reemployed shortly after the August, 1986 termination, and in fact gained a new principal's position in January of 1988 with the Udall school district, no reputational damage such as to foreclose employment opportunities can be demonstrated. *See Abeyta v.*

*Town of Taos*, 499 F.2d 323, 327–28 (10th Cir.1974). Thus, the court can find no deprivation of a liberty interest in the Board's alleged failure to provide Preston Pierce with a "name clearing" hearing. Thus, defendants are entitled to summary judgment on this claim as well.

■ Additionally, given the court's discussion of the Pierce's claims under 42 U.S.C. § 1983, it is clear that school board members and individual defendants in this lawsuit, Harold Engle, Jr., Cleo Luthi, James Robison, Charles Hoggatt, D.W. Cookson and Lloyd Luthi, are entitled to qualified immunity from plaintiffs' § 1983 claims. The doctrine of qualified immunity provides "that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The court finds that because the individual defendants were acting as school board members in voting not to renew the Pierces' respective contracts and in deciding matters in connection with Preston Pierce's leave of absence, and the Pierce's rights in these matters, if any existed, were not "clearly established," these defendants are qualifiedly immune from plaintiffs' § 1983–related claims.

Given the court's finding that summary judgment for defendants is appropriate with regard to Preston Pierce's claim under the Rehabilitation Act, his wrongful discharge claim under state law, and his claims under 42 U.S.C. § 1983, as well as Barbara Pierce's § 1983 claims, the court finds it unnecessary to discuss defendants' remaining arguments with regard to the unavailability of punitive damages under either § 1983 or the Rehabilitation Act, and defendants' arguments regarding legislative immunity. The court further finds that defendants' remaining motions, i.e., defendants' motion for a protective order and to supplement the exhibit and witness list, are now moot, and therefore denied.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for summary judgment is granted.

IT IS FURTHER ORDERED that defendants' motion for a protective order and to quash is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to supplement their exhibit and witness list is also denied as moot.