Barbara **PIERCE** and Preston
Pierce, Plaintiffs,

v.

Harold **ENGLE**, Jr., Cleo Luthi, James
Robison, Charles Hoggatt, D.W. Cook-
son, and Lloyd Luthi, Defendants.

Barbara **PIERCE** and Preston
Pierce, Plaintiffs,

v.

**UNIFIED SCHOOL DISTRICT**
**386**, Defendant.

Civ. A. Nos. 87–2526–S, 88–2118–S.

United States District Court,
D. Kansas.

Jan. 19, 1990.

Michael R. Lawless, Susan Ellmaker, Ov-
erland Park, Kan., for plaintiffs.

J. Steven Pigg, Fisher, Patterson, Sayler
& Smith, Topeka, Kan., for defendants.

**MEMORANDUM AND ORDER**

SAFFELS, District Judge.

This matter is before the court on plain-
tiffs' motion for an extension of time in
which to file a notice of appeal in the
above-captioned case. Plaintiffs seek to
appeal from this court's memorandum and
order and judgments entered in defen-
dants' favor on defendants' motion for
summary judgment, filed by the Clerk on
November 20, 1989. 726 F.Supp. 1231.
Plaintiffs should have filed their notice of
appeal on or before December 20, 1989, but
did not file such notice until December 26,
1989. Plaintiffs' motion for extension of
time was made on January 8, 1990, after
the initial thirty-day appeal period had al-
ready expired.

Plaintiffs request an additional 30 days
in which to file their notice of appeal for
the reason that plaintiffs' counsel "inadver-
tantly (sic) utilized the mailing statute and
did not count the date of entry of the
Judgment and added three days for mail-
ing, thus calculating the last date upon
which to file the Notice of Appeal as De-
cember 26, 1989."

Rule 4(a)(5) of the Federal Rules of Ap-
pellate Procedure, which governs exten-
sions of time by the district court in which
to file a notice of appeal, provides, in rele-
vant part, as follows:

(5) The district court, upon a showing of
excusable neglect or good cause, may
extend the time for filing a notice of
appeal upon motion filed not later than
30 days after the expiration of the time
prescribed by this Rule 4(a)....

After expiration of the initial thirty-day
appeal period, as in this case, a showing of
"excusable neglect," rather than mere
"good cause," is required. *See Parke–
Chapley Constr. Co. v. Cherrington*, 865
F.2d 907, 909–10 (7th Cir.1989). Excusable
neglect requires a showing of unique or
extraordinary circumstances; circumstanc-
es under which attorney error may meet
the excusable neglect standard are very
rare. *Id.* at 913. The Tenth Circuit Court
of Appeals has refused to find excusable
neglect even when counsel did not receive
notice of the order to be appealed from

until after the appeal time had run. *Long v. Emery*, 383 F.2d 392, 394–95 (10th Cir. 1967). *See also Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir.1974), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270; *Maryland Cas. Co. v. Conner*, 382 F.2d 13, 16–17 (10th Cir.1967); *Cohen v. Plateau Natural Gas Co.*, 303 F.2d 273 (10th Cir.1962), *cert. denied*, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64.

The court accordingly finds that plaintiffs' reason for failing to file their notice of appeal within the initial thirty-day appeal period, namely a type of administrative error due to lack of familiarity with the federal rules, does not meet the excusable neglect standard. *See e.g., Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106 (7th Cir.1985). Thus, plaintiffs' motion for extension of time in which to file their notice of appeal will be denied.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for extension of time in which to file a notice of appeal is hereby denied.